THE STATE OF IOWA *v.* HUSSEY.

In an indictment for defiling a woman, by force, menace, and duress, it is not necessary to aver, in so many words, that the person defiled is a fe-male, if, upon an examination of all the language employed, the sex of the person is shown.

An indictment which charges that the defendant, unlawfully, and against *her* will, defiled one *Nancy* Kerr, by force, menace, and duress, shows sufficiently that the person defiled is a female.

The objection that an indictment is barred by the statute of limitations, cannot be made by demurrer.

Where a defendant relies upon the statute of limitations, as a defence to a criminal prosecution, he should plead the same.

On the trial of an indictment for the defilement of a female, with force, menace, and duress, the declarations of the female, at the time of her travail, as to who was the father of the child, and in relation to the cir-cumstances of the sexual intercourse when the child was begotten, is not competent evidence, and especially so, when she is present, and testified as a witness.

Where no exceptions are taken to instructions, at the time they are given, nor to the refusal of the court to give others, their correctness cannot be considered by the appellate court.

*Appeal from the Henry District Court.*

THURSDAY, DECEMBER 16.

The defendant was indicted for unlawfully, and against her will, defiling one Nancy Kerr, by force, menace and duress. To the indictment, there was a demurrer: *First.*

Because it did not show the person defiled, to be a *female*; and, *second*. Because upon its face, it showed the offense to have been committed more than one year before the finding. This demurrer was overruled. Upon the trial, certain testimony was introduced by the state, to which defendant excepted. Defendant was convicted, and appeals.

*Hall, Harrington & Hall*, for the appellant.

*S. A. Rice*, Attorney General, for the state.

WRIGHT, C. J.—The demurrer was properly overruled. It is true that the indictment does not aver, in so many words, that the said Nancy Kerr is a female. Nor is this necessary, if, upon an examination of all the language employed, the sex of the person defiled is sufficiently shown. The indictment does sufficiently and clearly show this. And while it would be better, in such cases, to charge expressly the sex, yet the omission of such averment will not vitiate, if the same thing appears from all that is stated by the pleader.

The objection that the prosecution was barred by the statute of limitations, could not be made by demurrer. If, after the offense was committed, there was any period during which the party charged, was not usually and probably a resident within the state, such period is not to be taken as a part of the limitation. Code, section 2814. Such non-residence need not, however, be stated in the indictment. If the defendant relies upon the bar of the statute, he should plead the same, to which the state might reply the non-residence, and thus raise the issue.

For this reason, then, without stating others, we think the demurrer was properly overruled. And this conclusion renders it unnecessary to determine, whether the cause comes under section 2813 or 2814 of the Code.

The state offered a witness, who testified that the prosecutrix was confined and delivered of a child; that witness was present; and that, during her travail, the said Nancy

made statements as to who was the father of the child, and in relation to the circumstances of the sexual intercourse when the child was begotten, referring to the act, or time, charged in the indictment.    The testimony of the witness as to what the prosecutrix then said, was objected to, but the objection was overruled, and the statements admitted. We are aware of no rule which will justify the admission of this testimony.    The bill of exceptions recites, "that the declarations of the mother, while in *extremo travail*, might be received to prove who was the putative father of the child."    Such a rule, to our minds, finds no sanction, either in reason or from authority.    And especially so, when, as in this case, the prosecutrix was present and testified as a witness on the trial against defendant.

It is further objected, that the court erred in giving and refusing certain instructions.    No objection was made at the proper time to these instructions, however, and under the repeated rulings of this court, we cannot now consider their correctnesss.

Judgment reversed, and trial *de novo* awarded.