THE STATE v. MERCHANT.

**Criminal law:** INFORMATION MAY BE AMENDED. An information is amendable; and the signature of the prosecuting witness, inadvertently omitted, may be attached on appeal in the District Court, the fact that it was sworn to being made to appear.

*Appeal from Clay District Court.*

TUESDAY, JUNE 9.

On the 11th day of April, 1873, an information was filed in the office of D. W. Crouse, a justice of the peace of Clay county, charging that the defendant did feloniously steal property of Elsie G. Danow, of the value of $15.00.

The information is in all respects formal, except that the name of the person making it is not signed thereto. The defendant pleaded not guilty, was tried and convicted. Afterward he appealed to the District Court.

When the cause was called for trial defendant asked leave to withdraw his plea of not guilty, and to demur to the information, for the reason " that the information on file is not signed, nor subscribed nor sworn to by any person as informant, prosecuting witness nor complainant." The court refused to allow defendant to file the demurrer. Thereupon the District Attorney moved that the prosecuting witness be permitted to sign the information, and supported the motion by the affidavits of the justice before whom the information was filed, and of the informant, stating in substance that the information was duly sworn to before said Justice, by R. E. Tabor, and that he inadvertently omitted to sign the same; that the mistake was discovered before the commencement of the trial, and Tabor then offered to sign the same, and defendant said he would waive any rights he might have by reason of the non-signing of the information.

The court would not permit the information to be signed, and ordered the action dismissed and the defendant discharged.

Defendant appeals from the ruling refusing to allow him to withdraw his plea of not guilty and to file a demurrer.

The State appeals from the order refusing to allow the prosecuting witness to sign the information and discharging the defendant.

*M. E. Cutts, Attorney General*, and *C. H. Lewis, District Attorney*, for the State.

*Pruyn & Snow*, for defendant.

DAY, J.—We can conceive of no substantial reason for refusing to allow, under the circumstances of this case, the prosecuting witness to sign the information. The affidavits show clearly that the information was in fact sworn to; and that the omisssion of the signature occurred through mere inad-

vertence. The amendment would in no way prejudice the defendant or compromise his rights.

An information stands upon different grounds from an indictment, and is amendable. Bishop's Criminal Procedure, Vol. 1, § 611, and cases cited; *State v. Weare*, 38 N. Y., 319, and cases cited.

The court erred we think, in refusing the amendment, and in dismissing the action.

REVERSED.