THE STATE v. DEITRICK.

1. **Seduction**: PREVIOUS CHASTITY : EVIDENCE. In a trial for seduction inquiry into the chastity of the prosecuting witness must be strictly limited to the time prior to the alleged seduction.

2. ———— : EVIDENCE : OFFER TO COMPROMISE. Evidence tending to show that the prosecuting witness, after the arrest of defendant, offered to compromise the matter for a sum of money was held to be incompetent.

3. ———— : ———— : REPUTATION. A witness who states that he resides in the same neighborhood with the party whose character is in issue, and that he has known such party from childhood, is competent as a witness with respect to the general reputation of the party.

4. ———— : INDICTMENT : TIME. The precise time at which the crime of seduction was accomplished need not be alleged in an indictment, time not being a material ingredient of the offense.

*Appeal from Des Moines District Court.*

SATURDAY, JUNE 14.

THE defendant was indicted for seduction. He was found guilty and sentenced to hard labor in the penitentiary for the period of three years. He appeals to this court for a reversal of the judgment against him.

*Dodge & Dodge*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

ROTHROCK, J.—I. Upon the cross-examination of Christina Myers, the prosecuting witness, the following interrogatories

1. SEDUCTION : previous chastity : evidence. were propounded to her by defendant's counsel: "I will ask you whether you ever had intercourse with any member of that variety troupe?

"I will ask you if defendant is the only man you ever had intercourse with?"

Objections were made to these interrogatories, which were sustained by the court.

The State v. Deitrick.

It is claimed that the court erred in excluding the answers to these interrogatories, and the case of the *State v. Sutherland*, 30 Iowa, 570, is cited as authority sustaining the position of counsel for defendant.

It is not claimed in argument that it would have been competent to inquire of the witness as to any lewd and lascivious acts and conduct upon her part which may have occurred after her alleged seduction. Such a line of cross-examination would have been manifestly improper, because the inquiry as to chastity should be confined to a time prior to the seduction. These interrogatories are indefinite as to time, and require an answer as to the conduct of the witness after the alleged seduction as well as before that time. In *State v. Sutherland* all the interrogatories propounded to the prosecuting witness related to a time previous to her alleged seduction.

There was a certain variety troupe stopping at the same house where complainant was at work as a servant. They were there before the alleged seduction, and it is claimed the first above interrogatory was competent, because the time contemplated was prior to the seduction. We do not think such fact is sufficient. It does not appear that the witness had no opportunity to have intercourse with a member of the troupe after her seduction. Whether she had such opportunity or not, however, is not material. The interrogatory should have been so framed as to leave no room for inference or doubt as to the time. Error must affirmatively appear.

II. The defendant introduced certain witnesses by whom he sought to prove that after the prosecution was commenced the complaining witness, with others, went to the jail of the county where the defendant was imprisoned, awaiting his trial, and offered to settle the case for the sum of five hundred dollars, and coupled said proposition with a refusal upon the part of the complaining witness to marry the defendant. The same evidence was sought to be elicited upon the cross-examination of the prosecutrix.

2. ——: evidence: offer to compromise.

Upon objection being made, the court refused to allow such evidence to be introduced.

We are at a loss to determine upon what ground this evidence can with any propriety be claimed to be competent. It is said the offered evidence was for the purpose of allowing the jury to arrive at a correct estimate of the character which the prosecutrix would have them believe she possessed. But this evidence related to a time long after the alleged seduction. The prosecutrix was then the mother of a child, the result of illicit intercourse, and her character at that time was not in issue. It would not even have tended to impeach her as a witness, to prove that she was anxious to obtain, and actually sought, some recompense from the defendant, whom she claimed to be the father of her child.

III. One Clark Marble was introduced as a witness in behalf of the state. He testified that he had known the prosecuting witness from her early childhood. He was asked what her character for chastity was up to August, 1877. His answer was that he had never heard anything against her character. He further stated that he did not know her character positively of his own knowledge; that he had often seen her as a member of the family, and had never heard anything derogatory to her character. This evidence was objected to and the objection was overruled.

3. ——: ——: reputation.

The defendant had introduced certain witnesses whose testimony tended to prove that the general reputation of the prosecutrix was bad. The testimony of the witness Marble was introduced by the State in rebuttal. No question is made as to the competency of the evidence as to the general reputation of the prosecuting witness, as a chaste woman, previous to her alleged seduction, but it is urged that the witness Marble did not show himself competent to testify as to her general reputation because it did not appear that he knew what that reputation was.

It is true when a witness is called to testify to the general reputation or character of a person it should appear that he

knows the reputation or character which the party bears; but we know no reason why this knowledge should be shown by set phrase or in answer to a categorical question. If it appears that a witness resides in the same neighborhood with the party whose character is in issue, and he states, as in the case at bar, that he has known such party from childhood, we think this is a sufficient showing of knowledge upon the subject to render him competent as a witness. There was, therefore, no error in admitting the testimony under consideration.

IV. The court gave to the jury some fifteen instructions. While they are not voluminous they have the merit of presenting every question, which we think proper to be presented, in a clear, plain and practical manner, without repetition, and in such a way that the jury could not have failed to understand their duty in considering the case. The defendant presented to the court seven instructions, with the request that they should be given to the jury. They were all refused.

Certain of the court's instructions are claimed to be erroneous, and the refusal to give those asked by defendant is urged as error. With all due respect to the argument of counsel we must say that a careful examination of all the instructions given and refused leads us to the conclusion that there was no error in this respect. Most of the instructions asked by defendant are fairly covered by instructions given. It would serve no useful purpose to discuss the objections in detail. It would only be demonstrating the correctness of propositions well settled in the law, or answering criticisms upon the language of the court's instructions which do not amount to prejudicial error.

V. It is said that the verdict is not supported by the evidence, because the testimony of the prosecutrix shows that the first act of sexual intercourse was accomplished by force and against her will. It is true she does testify that she resisted the defendant, and that he threw her upon a bed and accomplished

his purpose against her will. This statement is made in the cross-examination in answer to leading questions. But the Attorney General filed an additional abstract from which it appears that she further testified as follows: "I told the defendant to get out of my room. He said he would not. He was at the same time hugging and kissing me. All he said was that I should not be afraid—that he would not leave me. When he told me that he would not leave me, I told him that it would be all right; I did not want him to leave me. It would be all right if he would marry me. He said that I should not be afraid; that we would get married."

When this additional abstract was filed the Attorney General requested that the court should examine the transcript of the testimony of the prosecutrix. As the case is a criminal one, and of vast importance to the defendant, we have so far departed from the rule as to examine the full transcript, and upon such examination we are satisfied that the evidence supports the verdict. Although the testimony of the prosecutrix seems to be contradictory, yet we are not prepared to say that the jury were not warranted in finding that the criminal act was accomplished by seductive arts and false promises, and not by force and against the will of complainant. She is a German girl, and from her examination as a witness it appears that she understands the English language very imperfectly. Many of the questions propounded to her by counsel she was unable to understand, and they had to be repeated in plainer language. Now, with the witness before them, and observing this difficulty under which she labored, we cannot say that the jury should have found there was no seduction. The learned judge who tried the case, having the same opportunity to observe the demeanor of the witness, and the manner in which she testified, was no doubt largely influenced thereby in overruling the motion for a new trial upon this ground.

VI. The indictment was presented by the grand jury on

the 9th day of January, 1879.    It is averred therein that the
crime was committed on the — day of July, 1877.
The defendant moved in arrest of judgment, be-
cause it did not appear from the indictment that the crime
was committed within eighteen months previous to the finding
thereof, and that, for aught that appeared therein, the prose-
cution was barred by the statute of limitations.    See Code,
§ 4165.    The motion was overruled.

It is argued by counsel for appellant that the allegation of a
day within the period of limitation is material, because, where
time is a material ingredient of the offense charged, it must be
stated precisely.    Code, § 4301.    But we think that provis-
ion does not apply to the offense of seduction, because time
is not a material ingredient in the offense.    The class of
offenses which the provision embraces are not such as are
subject to be barred by the statute of limitations, but such
acts as are made criminal because committed at some partic-
ular time.    The general rule is that the precise time at which
an offense was committed need not be stated in the indict-
ment, but it is sufficient if it allege that the offense was com-
mitted at any time prior to the time of finding thereof.    Code,
§ 4301.

The evidence showed that the alleged crime was com-
mitted in the last week in July, and within eighteen months
of the finding of the indictment.    When the motion in arrest
of judgment was made it appeared from the whole record of
the case that the offense was not barred by the statute of lim-
itations.    It is not to be denied that elementary writers upon
criminal law lay down the rule that time and place must be
added to every material fact in an indictment, and counsel
cite a number of cases which hold the same doctrine.    But a
contrary rule prevails in this State.    In *State v. Hussey*, 7
Iowa, 409, it was held that the objection that the prosecution
was barred by the statute of limitations could not be made by
demurrer, because if, after the offense was committed, there
was any period during which the defendant was not usually

and publicly a resident of the State, such period is not to be taken as a part of the limitation, and that such non-residence need not be stated in the indictment. This case was followed in *State v. Groome*, 10 Iowa, 308. Section 4169 of the Code provides that "no period during which the party charged was not usually and publicly resident within the State is a part of the limitation." If the indictment is not vulnerable to a demurrer it cannot be assailed by motion in arrest of judgment. Code, § 4491.

AFFIRMED.