THE STATE v. BREWER.

1. **Criminal Law**: ROBBERY: INDICTMENT. It is not essential to the validity of an indictment for robbery under the statute that it should in express terms charge an assault.

*Appeal from Mills District Court.*

SATURDAY, JUNE 12.

THE defendant was indicted for the crime of robbery, was tried and convicted. He appeals.

*Watkins & Williams*, for appellant.

*J. F. McJunkin*, Attorney General, for the State.

DAY, J.—I. The indictment is as follows:

"The grand jury of the county of Mills, and in the name and by the authority of the State of Iowa, accuse Houston Brewer of the crime of robbery, committed as follows:

"The said defendant on the 30th day of August, A. D. 1879, in the county and State aforesaid, in and upon one E. Morrison, feloniously and with force and violence did make, and the said E. Morrison in bodily fear and danger of his life then and there feloniously did put, and ten dollars, of the value of ten dollars, the property of the said E. Morrison, from his person and against the will of the said E. Morrison, then and there being armed with a revolver, feloniously and unlawfully did rob, steal, take and carry away, contrary to the form of the statute, and against the peace and dignity of the State of Iowa."

The defendant moved the court in arrest of judgment, and for a new tria, lon the ground of the insufficiency of the indictment. Section 3858 of the Code is as follows:

1 CRIMINAL law : robbery : indictment.

"If any person, with force or violence, or by putting in fear, steal and take from the person of

another any property that is the subject of larceny, he is guilty of robbery, and shall be punished according to the aggravation of the offense as is provided in the following two sections." It is claimed that the indictment is insufficient because it fails to allege an assault. The statute above quoted provides that the crime of robbery may be committed by stealing from the person in two ways: *First.* With force or violence. *Second.* By putting in fear. The indictment alleges that the offense charged was committed in one of these modes, to-wit: By putting the said Morrison in bodily fear and danger of his life. It has been frequently held that it is sufficient to charge an offense in the language of the statute. *Romp v. The State,* 3 G. Greene, 276; *Munson v. The State,* 4 G. Greene, 483. It is no objection to the indictment that it does not in express terms charge an assault. The language employed necessarily involves the charge that an assault was committed. The indictment, we think, is sufficient.

II. It is urged that the evidence does not support the verdict. The evidence is conflicting. The verdict is not so far without support from the evidence as to justify us in disturbing it.

AFFIRMED.