## THE STATE v. McINTIRE.

1. **Criminal Law**: STATUTE OF LIMITATIONS: PLEADING. The defense of the statute of limitations cannot be raised by demurrer, but must be specially pleaded; and the provision of the statute, that no period during which the party charged was not a resident of the State is a part of the limitation, applies equally to all offenses.

2. ———: ACCOMPLICE: CORROBORATING TESTIMONY. The wife of a convict in the penitentiary, not shown to have aided in, or had knowledge of, the crime charged in the indictment, is not thereby rendered incompetent to give corroborating testimony.

3. ———: EVIDENCE: MORAL CHARACTER. There is no essential difference in moral character, between a criminal of long practice and a beginner: and where the witness admitted he had stolen horses, evidence of how long he had been engaged in horse stealing was immaterial.

4. ———: INSTRUCTIONS: PRACTICE. The refusal to give instructions asked, which do not materially differ from those given by the court, is not error.

*Appeal from Harrison District Court.*

FRIDAY, JUNE 9.

THE indictment was found and presented in September, 1881, and charged that defendant and another person on the 30th day of August, 1877, did steal, take and carry away two horses, "and that said defendants have been non-residents of Iowa over two years since said taking." A demurrer to the indictment on the ground the offense charged was barred by the statute was overruled. There was a plea of not guilty. Verdict, guilty, judgment, and the defendant appeals.

*L. R. Bolter* and *S. H. Cochrane,* for appellant.

*Smith McPherson, Attorney-general,* for the State.

SEEVERS, CH., J.—I. It has been held the defense of the Statute of Limitation cannot be raised by demurrer, instructions, or motion for a new trial, but that the same must be specially pleaded. *The State v. Hussey,* 7 Iowa, 409; *The State v. Groome,* 10 Id., 308. As, however, the case seems to have been tried in the court below upon the theory it could be thus raised, for the purposes of the case it will be conceded. The statute provides, as to offenses of this character, that an indictment must be found within three years after the commission of the offense and not afterwards. Code, § 4167.

1. CRIMINAL LAW: statute of limitations: pleading.

"If when the offense is committed the defendant is out of the State, the indictment or prosecution may be found or commenced within the time herein limited after his coming into the State, and no period during which the party charged was not usually and publicly resident within the State, is a part of the limitation." Code, § 4169. It is insisted the last clause of the section just quoted must be restricted to the offense contemplated in the first part of said section. But the language used is general and applies equally to all cases. We,

therefore, see no reason why it should be limited to any particular class of cases.

II.   The principal evidence relied on by the State was that of an accomplice and it is urged he was not corroborated as required by statute.   The evidence of Mary Stevens, if believed by the jury, was clearly sufficient. Counsel for appellant do not claim otherwise, but it is said she was also an accomplice.   There is no evidence tending to show that she was.   She is the wife of Frank Stevens who is in the penitentiary, but for what crime does not appear.   There is no evidence tending to show he aided or had knowledge of the crime charged in the indictment.   We, therefore, see no reason why the evidence of his wife may not be sufficient as corroborating evidence.   Her connection with the convict Stevens was a matter for the consideration of the jury. It was for them to say whether she was worthy of belief.   If she was the corroboration is sufficient.

2. ——: accomplice: corroborating testimony.

III.   The accomplice when on the stand as a witness admitted he had been engaged in horse stealing, whereupon counsel for defendant asked the witness.   "How long have you been engaged in horse stealing?" An objection to the question was sustained.   It is urged this was error because the proposed evidence was competent as tending to show the moral character of the witness.   We are not prepared to admit the moral character of a person who has been engaged in stealing for years, is any worse than that of a beginner.   The former may be more expert, and have greater knowledge of the profession, but there is no essential difference in the moral character of each.   The defendant was not prejudiced by the action of the court.

3. ——: evidence: moral character.

IV.   Complaint is made of the refusal to give two instructions asked by the defendant.   We have carefully compared the instructions refused with those given, and we are unable to discover any material difference between them.   Nor has counsel for appellant called our attention to any substantial difference.   It was not error therefore

4. ——: instructions: practice.

to refuse the instructions asked. Complaint is made in a general way of the instructions of the court. We are united in the opinion the charge of the court is clearly correct. The evidence sustains the verdict.

. AFFIRMED.