The State v. Butcher.

---

## THE STATE v. BUTCHER.

1. **Information**: FACTS NOT STATED : INSUFFICIENCY : ARREST OF JUDGMENT. An information for disturbing a school, "for that the defendant * * * did commit the crime of unlawfully and wilfully disturbing and interrupting a school taught by," etc., is insufficient to sustain a conviction, because it fails to state the facts constituting the offense ; and an objection based on such insufficiency may be raised for the first time on a motion in arrest of judgment. (See opinion for citations.)

2. ———: ———: AMENDMENT AFTER VERDICT ON APPEAL. While an information may be amended in justice's court, and after appeal to the district court, and the law in this respect is very liberal (see opinion for citations), yet where the cause has been appealed to the district court and a verdict has been rendered against defendant there, upon an information which fails to state the facts constituting the offense charged, it is then too late to amend the information by stating such facts.

*Appeal from Muscatine District Court.*—HON. C. M. WATERMAN, Judge.

FILED, JANUARY 27, 1890.

DEFENDANT was tried in justice's court on an information which accused him of "wilfully and unlawfully interrupting and disturbing a school," and convicted. He appealed to the district court, and was again convicted. From the judgment rendered in the district court he appeals.

*J. J. Russell*, for appellant.

*H. J. Lauder*, County Attorney, for the State.

ROBINSON, J.—After the verdict was returned in the district court, and before judgment was rendered, defendant filed a motion in arrest of judgment, the grounds of which were, in substance, that the information was insufficient to sustain a conviction. The motion was overruled, and leave given the state to amend the information, which was done. Judgment was therefore rendered on the verdict.

I.   The body of the information, as originally filed, was as follows: "The above-named defendant is hereby

1. INFORMATION: facts not stated: insufficiency: arrest of judgment.

accused of the crime of wilfully and unlawfully interrupting and disturbing a school, for that the defendant on the thirty-first day of January, A. D. 1889, at Montpelier township, in said county, did commit the crime of unlawfully and wilfully disturbing and interrupting the school taught by Miss Louisa Franklin in district number four, Montpelier township, in said county, contrary to the statute in such case made and provided; wherefore she prays that the said Ambrose Butcher may be arrested and dealt with as provided by law." The first question presented by the appeal is the sufficiency of that information to sustain a conviction. Section 4662 of the Code requires the information to contain "a statement of the acts constituting the offense, in ordinary and concise language, and the time and place of the commission of the offense, as near as may be." The facts constituting the offense should be stated with as much precision in an information as in an indictment. Code, secs. 4662, 4296; *State v. Allen*,

32 Iowa, 492; *State v. Bitman*, 13 Iowa, 486. It has been held sufficient to charge an offense in the language of the statute (*State v. Curran*, 51 Iowa, 113; *State v. Brewer*, 53 Iowa, 735); but we think that rule does not apply when the language of the statute does not so fully describe the offense as to show the material facts which constitute it. It is not sufficient to charge a mere conclusion of law, as that the defendant has committed burglary or arson. Whart. Crim. Pl. & Pr., secs. 154-221. It is not sufficient to name the offense. The facts charged must show it. *State v. Shaw*, 35 Iowa, 577; *State v. McCormick*, 27 Iowa, 412. In this case, defendant was accused of committing the crime named, "for that the defendant," at the time and place named, "did commit the crime of unlawfully and wilfully disturbing and interrupting the school taught by Miss Louisa Franklin in district number four," in the county and township indicated. The acts constituting the offense are not stated. The statement does not show what was done, excepting by the averment of a legal conclusion. The information was defective, for the reasons stated in *State v. Murray*, 41 Iowa, 580, and not sufficient to sustain a conviction. It is contended on the part of the state that the information was sufficient, in the absence of attack before the case was submitted to the jury. Section 4491 of the Code provides that a motion in arrest of judgment shall be granted to defendant, after verdict against him, "(1) upon any ground which would have been ground of demurrer; (2) when, upon the whole record, no legal judgment can be pronounced." It follows that the defects are not waived by the failure to point them out until after verdict. See *State v. Potter*, 28 Iowa, 558.

II. The right to amend an information is well established. It has been held proper to cause it to be signed after trial in justice's court, after appeal to and before trial in the district court- *State v. Merchant*, 38 Iowa, 375. It has also been held that after conviction in justice's

2. ——: ——: amendment after verdict on appeal.

court, and after a demurrer to the information has been sustained by the district court on appeal, it is proper to amend the information. *State v. Doe*, 50 Iowa, 541. In the case last named it was said, in effect, that such amendments should be permitted to any extent "consistent with the orderly conduct of judicial business, with the public interest, and with public rights." The question now presented is whether it would be within that rule to permit an amendment after verdict to show the facts constituting the offense. The requirement that such facts shall be stated in the information is not a mere matter of form. It is designed, not only to identify the crime, but to apprise the defendant of the essential facts upon which the state relies, in order that he may prepare his defense. In this case the facts upon which the state relied were set out for the first time after the verdict had been rendered, and after all opportunity for further preparation for defense was at an end. Since the amendment was not merely formal, we are of the opinion that it was offered too late, and should not have been allowed. The judgment of the district court is

REVERSED.