## STATE OF IOWA V. JOHN WHALEN, Appellant.

**Evidence:** SEDUCTION. Evidence that the prosecutrix on a trial for seduction, agreed at one time to accept a specified amount in settlement of her claim against defendant, is immaterial.

**Harmless Error:** INSTRUCTIONS. An instruction that seduction is the inducing of a woman to consent to unlawful sexual intercourse, by means of false promises, artifices, or enticements that overcome her scruples, although erroneous, is not ground for reversal, where the jury are elsewhere told, that a woman to be seduced must be unmarried, and that the state has the burden of showing that, previous to her intercourse with defendant, the prosecutrix was a woman of chaste character.

EVIDENCE. The rejection of testimony which tends to show that the defendant in a prosecution for seduction offered to marry the prosecutrix and that she consented to it, is not prejudicial when other evidence is admitted which tended to establish that he was willing to marry and that she declined    The testimony admitted was sufficient for the purpose for which a refusal to marry may be shown, *i. e.*, on the question whether prosecutrix was really seduced, and in mitigation of punishment.

*Same.* While it is error to permit a witness whose name is not indorsed on the indictment to testify for the state without the service of notice that he will be used, and prejudice is presumed from it, that error is harmless when the defendant admits intercourse and the paternity of the child born, and the witness says merely that she told defendant of the birth of the child, to which he responded "that he was going to do something for her next

week;" especially where a motion for a new trial presenting numerous grounds is silent as to the admission of such testimony.

**Indictment:** SEDUCTION. An indictment charging, in substantially the language of Code, section 3867, that defendant did "willfully, unlawfully, and feloniously seduce and debauch" an unmarried woman of previous chaste character, is sufficient without any allegation that he carnally knew her.

**PLEAS TO INDICTMENT:** *Statute of limitations.* Under Code 1873, section 4399, providing that "there are but three pleas to an indictment" (guilty, not guilty, former conviction, and acquittal,) limitation is not the subject of plea, though the court should charge with regard to the time within which the alleged defense must have been committed, to authorize a conviction.

**Notice of Testimony:** RETURN OF SERVICE. A return of service of a notice that the state will use a witness not indorsed on the indictment, is insufficient when it does not purport to have been made by an officer, and is not verified.

**Verdict:** AFFIDAVIT TO IMPEACH. The fact that while the jury were deliberating, one juror read and explained sections of the Code applicable to the charge on trial, does not inhere in the verdict and may be shown by affidavits.

**SAME.** But the weight given by the jurors to such reading and explanation, does inhere in the verdict. and, therefore, affidavits by some of the jurors, that a verdict could not have been reached without said acts, are not receivable.

**Appeal:** AFFIDAVITS FILED IN SUPPORT OF MOTION FOR NEW TRIAL IN CRIMINAL CAUSE. May become part of the record, and may, on appeal, be certified by transcript. Code, section 4482.

**REFUSAL OF NEW TRIAL:** *Review.* The ruling of the trial court, in refusing motion for new trial, cannot be reviewed, on appeal, unless the record shows affirmatively that all the evidence considered by the court, is contained therein.

**SAME:** *Abstract.* But such showing is affirmatively made where appellant's abstract purports to be complete and the state files an additional abstract, stating that both abstracts present the record fully, though the state, in a subsequent abstract denies that affidavits supporting a motion for a new trial were made of record; such denial being evidently based on the erroneous theory that something besides such filing is needed to make such affidavits a part of the record.

**MISCONDUCT OF JURY:** *Presumption for court below.* Affidavits showing that, while the jury was deliberating on the verdict in a criminal case, portions of the Code, in regard to the crime, were read to the jury, and explained by one or more of its members, do

not show facts from which prejudice will be presumed, the verdict being in harmony with the charge.

*Appeal from Boone District Court.*—HON. D. R. HIND-MAN, Judge.

## TUESDAY, OCTOBER 6, 1896.

THE defendant was accused of the crime of seduction, tried, found guilty, and adjudged to be imprisoned in the state penitentiary at Ft. Madison, at hard labor, for the term of eighteen months. From that judgment he appeals.—*Affirmed.*

*M. K. Ramsey* and *Jordan & Brockett* for appellant.

*Milton Remley,* attorney general, and *Jesse A. Miller* for the state.

ROBINSON, J.—The crime of which the defendant was convicted, is charged in the indictment as follows: "The said John Whalen, on or about the twenty-ninth day of September, A. D., 1894, in the county aforesaid, willfully, unlawfully, and feloniously did seduce and debauch Jennie McBirnie, an unmarried woman of previous chaste character, all contrary to, and in violation of law." The appellant contends that this does not charge an offense, within the meaning of that part of section 4296, of the Code, which is as follows: "The indictment must contain: * * * (2) A statement of the facts constituting the offense, in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended." The statute under which the indictment was found, is section 3867, of the Code, which provides that, "if any person seduce and debauch any unmarried woman of previously chaste character," he shall be punished

as specified in the section. It is sufficient to charge an offense in the language of the statute when that shows the material facts which constitute the offense. *State v. Butcher*, 79 Iowa, 111 (44 N. W. Rep. 239); *State v. Brewer*, 53 Iowa, 735 (6 N. W. Rep. 62); *State v. Curran*, 51 Iowa, 113 (49 N. W. Rep. 1006); *State v. Smith*, 46 Iowa, 672; *State v. Shaw*, 35 Iowa, 575. It was said in *State v. Curran, supra*, that the words "seduce" and "debauch," in the statement that defendant "unlawfully and feloniously did seduce, carnally know and debauch" a woman named, necessarily charge the offense of seduction, and that "they import the idea of illicit intercourse, accomplished by arts, promises or deception, and have no other meaning." That case was followed in *State v. Conkright*, 58 Iowa, 338 (12 N. W. Rep. 283). "Carnal knowledge" implies sexual intercourse. Therefore the use of the phrase "carnally know" was not essential in the Curran case to charge the offense, for the reason that the words "seduce and debauch" included the same meaning. Hence the omission of the phrase from the indictment in this case was not material, and under the authority of the case cited, the indictment must be held sufficient.

II.   While introducing its evidence in chief, the state called and examined Samuel McBirnie as a witness. His name was not indorsed on the indictment, he was not examined before the grand jury, and his testimony was not presented with the indictment. After he had answered some questions of a preliminary nature, the defendant objected to his giving further testimony, "for the reason that no notice of the introduction of such testimony had been given, as required by the statute, and he wasn't a witness before the grand jury, and that, if any notice whatever has been given, there was no notice given of the introduction by the witness of any evidence that would be material, or competent, or relevant." The

objection was overruled, and of that ruling the appellant complains. In view of the facts stated, it was necessary for the state, in order to use the testimony of McBirnie in support of the indictment, to give notice in writing that he would be offered as a witness, and of the substance of what it expected to prove by him. Code, section 4421. If a witness is examined in violation of that requirement, an error is committed which will be presumed to have been prejudicial. *State v. Porter*, 74 Iowa, 624 (38 N. W. Rep. 514). It is made to appear that there is on file in this case, in the district court, a notice of the introduction of the witness and of his testimony, which is sufficient in form and statement. Attached to it is a return, signed, "E. E. Templin," which, if competent, shows timely service of the notice on the defendant. But the return does not purport to have been made by an officer, and is not verified, and there is no other evidence of service. If the judgment of the district court depended upon formal proof of the service of the notice, it would have to be reversed; but a careful examination of the entire record leads us to the conclusion that the objection now made to the testimony of McBirnie is purely technical, without substantial merit, and that the defendant was not prejudiced by the admission of the testimony. All of it to which the objection can be held to apply is as follows: "I conversed with the defendant, Whalen, on or about May 25, 1894, when I told him Jennie had been confined, and had a boy baby, and needed assistance. He said he was going to do something for her next week. We had no talk of the paternity of the child." The first part of the testimony relates to a matter about which there is no controversy. The only objectionable portion is the statement that "he said he was going to do something for her next week." The

defendant testified to having had sexual intercourse with the prosecutrix frequently, and does not deny that he is the father of the child, but denies that their intercourse was the result of a promise of marriage, and denies the alleged seduction. He was liable for the support of the child. Code, sections 4715–4722. And his promise to "do something" for the mother, under the circumstances which existed at the time, did not tend to show that he was guilty of the crime of seduction. Moreover, after the verdict was returned the defendant filed a motion for a new trial, based upon twelve different grounds, but the error now urged was not one of them. Evidently it was not then considered prejudicial. We are required to disregard technical errors which do not affect the substantial rights of the parties. Code, section 4538.

III. The appellant complains, that the court erroneously rejected the testimony of Edward Whalen, offered to show that the prosecutrix refused to marry the defendant. It appears, however, that the rejected evidence only went to the procuring of a license, and to the agreement of the defendant to marry the prosecutrix. The witness was permitted to testify, that after the arrest of the defendant, the prosecutrix visited him in jail; that he there told her he would do as he agreed, and that she said it would be all right; that the witness afterwards told the prosecutrix that he had the license, but that she then objected to the proposed marriage. This was sufficient for the purpose for which a refusal of the woman to marry her alleged seducer may be shown. *State v. Thompson*, 79 Iowa, 106 (45 N. W. Rep. 293); *State v. Mackey*, 82 Iowa, 394 (48 N. W. Rep. 918).

IV. The evidence tended to show that at one time, the prosecutrix agreed to accept one hundred and twenty-five dollars in settlement of her claims

against the defendant. This was wholly immaterial to any issue in the case, and the jury was properly instructed to disregard it. *State v. Deitrick*, 51 Iowa, 469 (1 N. W. Rep. 732).

V. The indictment was found on the seventeenth day of January, 1895. The defendant stated, as a witness, that he had sexual intercourse with the prosecutrix in the year 1891; and in some of her answers she stated that the time of the seduction was September 29, 1892, although she afterwards corrected the statement, and said the year was 1893. During the time the state was introducing its evidence, the defendant offered an instrument, of which the following is a copy: "Comes now the above-named defendant, and specially pleads that this prosecution is barred by the statute of limitations, and asks the court to charge the jury that if they have reasonable doubt whether the offense charged in the indictment was committed within eighteen months prior to the seventeenth day of January, 1895, if committed at all, they must acquit defendant." The court refused to allow the paper to be considered as a plea, but, in the charge which it gave, instructed the jury that, if the offense charged was committed eighteen months or more before the finding of the indictment, the defendant could not be convicted. The appellant contends that the court erred in not permitting him to plead the bar of the statute, and relies upon the cases of *State v. Hussey*, 7 Iowa, 409, and *State v. Groome*, 10 Iowa, 312. The first of these cases held that a defendant who relies upon the bar of the statute should plead .it; and the other, that it could not be raised by demurrer, by instruction, or motion for a new trial, but should be specially pleaded. Neither of those cases was decided under existing statutes, but under the Code of 1851. Section 2957, of that Code, provided

that: "There are three kinds of pleas to an indictment, which may be pleaded by the defendant: *First,* guilty; *second,* not guilty; *third,* a former judgment of conviction or acquittal of the offense charged in the indictment.  *  *  *." In section 4714, of the Revision of 1860, and in section 4359, of the Code of 1873, the language is, "There are but ,three pleas to an indictment" (naming the same as those given in the Code of 1851). The sentence, "There are three kinds of pleas," is more comprehensive than, "There are but three pleas," and the change from the former to the latter, indicates a legislative intent to exclude all pleas not specified. This conclusion is strengthened somewhat by section 4715, of the Revision, now section 4360, of the Code, which prescribes a form for each of the three pleas allowed. It is further strengthened by the enactmentment in the Revision of section 4655, continued in the Code of 1873, as section 4301, which is as follows: "The precise time at which the offense was committed, need not be stated in the indictment, but it is sufficient if it allege that the offense was committed at any time prior to the finding thereof, except when the time is a material ingredient in the offense." It is not necessary, under this provision, to prove when an offense was committed, if time is not a material ingredient of it. *State v. Moore,* 78 Iowa, 495 (43 N. W. Rep. 273), and cases therein cited; *State v. Deitrick,* 51 Iowa, 471, (1 N. W. Rep. 732). If the evidence shows that the offense was committed within such a time prior to the finding, the indictment that the action is not barred, it is sufficient, and it is the well settled and authorized practice to instruct the jury within what time the crime charged must be proven to have been committed, in order to warrant a conviction. The plea tendered in this case, to the effect that the prosecution was barred by the statute of limitations,

was neither necessary to a presentation of that defense, nor authorized. The court rightly charged the jury in regard to the time within which the alleged offense must have been committed to authorize a verdict of guilty, and that was sufficient.

VI. It is contended that the court should have sustained a motion filed by the defendant to instruct the jury to return a verdict in his favor, and should have set aside the verdict because the evidence was not sufficient to sustain a conviction. As is common in such cases, the evidence was conflicting; but facts necessary to constitute the crime of seduction were testified to by the prosecutrix, and there was sufficient corroboration to sustain the verdict. It is true the evidence tends to show that she yielded somewhat readily to the solicitations of the defendant, and there was evidence of courtship and a promise of marriage, and that the prosecutrix yielded in consequence of that promise. The objections to the evidence made by the defendant on this branch of the case go to its value, and do not show that any essential evidence is lacking.

VII. The court charged the jury as follows: "You are instructed that seduction is the inducing of a woman to consent to unlawful sexual intercourse by means of false promises, artifice, or enticement that overcome her scruples." This is not a correct definition of the crime of seduction. It omits to state that the woman must have been unmarried, and of previously chaste character, and, considered alone, would have been erroneous and presumptively prejudicial. But other portions of the charge cured the defect. The jury was told that the burden was on the state to show that, until the time of her sexual intercourse with defendant, the prosecutrix was a woman of chaste character. That she was unmarried was a fact not questioned on the trial, and

it was stated in different portions of the charge, in effect, that a woman, to be seduced, must be unmarried. The appellant complains of other portions of the charge, on grounds which are not of sufficient importance to be separately mentioned. Considered as a whole, the charge is quite favorable to the appellant, and there is no error in any portion of it to which our attention has been called.

VIII. After the verdict was returned, the defendant presented a motion for a new trial, which was overruled. One ground of the motion alleged was misconduct of the jury. Affidavits of two jurors, attached to the motion and made a part of it, showed that a copy of the Code was found in the jury room by the jurors. The affidavits state that: "We could not reach a verdict until we heard the law read in regard to the crime charged in the indictment, and in finding our verdict we relied upon the law as we found it; and S. R. Wane, one of the jurymen, did most of the reading and explaining the law to the jury. I do not think that we could ever have reached a verdict, on the instructions given to us by the court, without the aid of the Code, and our construction of the law." It is contended on behalf of the state that the affidavits cannot be considered, because they were not made a part of the record by bill of exceptions, or certificate of the trial judge. Section 4482, of the Code, refers to criminal cases, and provides that "all papers pertaining to the cause and filed with the clerk, and all entries made by the clerk in the record book pertaining to them, and showing the action or decision of the court upon them, or any part of them, are to be deemed parts of the record, and it is not necessay to except to any action or decision of the court so appearing of record." When an appeal is taken it is the duty of the clerk of the court "to make out a full and perfect transcript

of all the papers in the case on file in his office, except the papers returned by the examining magistrate on the preliminary examination, where there has been one. * * * " The effect of these provisions is to make of record any paper properly filed in the office of the clerk in criminal cases, and to enable its certification, by transcript, to this court. The corresponding part of the Code, which refers to the record in civil actions and proceedings, is section 3184. Whether the mere filing of affidavits in support of a motion for a new trial, in a civil case, makes them a part of the record, we do not determine. The affidavits in question became a part of the record in this case, when they were filed with the motion to which they were attached, but it does not follow that they are to be regarded as establishing the ground of the motion which they tend to support. While they may be considered for what they are worth, it must appear that no other evidence was considered by the court in overruling the ground for the motion in question, before we can inquire into the merits of the ruling. It was competent for the court to receive other evidence, and to require the jurors who had made the affidavits to be examined orally. Whether that was done must be determined by the record, and, if it does not show affirmatively that all the evidence considered by the court is before us, we cannot review the ruling. The statement of counsel that we have all the evidence before us, if contradicted, is not sufficient to show the fact. In such a case, the certificate of the trial judge, duly made of record, is necessary to enable us to act. But in this case, the abstract of appellant purports to be full and complete. The state has made corrections of the record by an additional abstract, and states that the two abstracts together present the record fully. In a subsequent abstract, the state denies that the affidavits were ever

made of record by bill of exception or otherwise, but
that denial is evidently based on the theory, that the
filing of the affidavits did not make them of record,
and that, we have seen, is erroneous.   We conclude,
that the affidavits were the only evidence before the
court in ruling on the ground of the motion for a new
trial now in question, and that they must be consid-
ered.

IX.   The affidavits show  that while the jury was
deliberating upon its verdict, before an agreement
had been reached, portions of the Code in regard to
the crime of seduction, were read to the jury, and
explained by one or more of its members.   This was
probably done to aid the jury in reaching a verdict.
These facts did not inhere in the verdict, and may be
considered on the question of misconduct.   But the
weight which the jurors gave to the reading and
explanation, is a matter which does inhere in the
verdict, and cannot be shown in the manner
attempted.   *Wright v. Telegraph Co.*, 20 Iowa,
210; *Griffin v. Harriman*, 74 Iowa, 438 (38 N.
W. Rep. 139); *Cowles v. Railroad Co.*, 32 Iowa, 515; 2
Thomp. Trials, section 2618.   The affidavits are brief
in their statements of fact, and do not show what was
said in explanation.   The purpose of what was done
could not have been to aid the jury in determining
the facts of the case, and, if it was to satisfy the
jurors that the charge correctly represented the law,
then, however reprehensible the method adopted, it
was not prejudicial.   *State v. Carr*, 43 Iowa, 423.   If
the purpose was to convince the jurors that the court
had not correctly stated the law, it failed, as the
verdict is in harmony with the charge.   The affi-
davits, when considered with the entire record in the
case, do not show facts from which prejudice must
be presumed, and we are of the opinion that the
district court was authorized to refuse a new trial.

We have examined the questions discussed by counsel, with much care, but do not find any ground for disturbing the judgment of the district court. It is therefore AFFIRMED.