# Staunton.

## LITTON V. WOLIVER.

### September 17, 1919.

1. SEDUCTION—*Damages—Punitive Damages.*—In an action by a father for the seduction of his daughter, it was error on the part of the trial court to instruct the jury that the plaintiff was entitled to recover, because of mere sexual intercourse of the defendant with his daughter, not accomplished by seduction under the promise of marriage or by other artifice, damages for wounded feelings and affections, etc., and punitive or exemplary damages, in addition to compensatory damages for loss of the services of the daughter and for the expenditures alleged in the declaration. And where there was testimony for the defendant which, if credited by the jury, was sufficient to have shown that he was not guilty of the seduction charged in the declaration, an instruction which took from the jury all consideration of this evidence, constituted reversible error.

2. SEDUCTION—*Declaration—Sufficiency.*—In an action for seduction, an allegation that the defendant "debauched and carnally knew" the daughter is an allegation, not merely of sexual intercourse, but of such intercourse accomplished by seduction—that is, by aid of enticement through "arts, promises, or deception."

3. WORDS AND PHRASES—*"Debauch."*—"To debauch" means to seduce and violate a woman; "to corrupt with lewdness; bring to be guilty of unchastity, deprave, seduce, as to debauch a woman."

4. SEDUCTION—*Loss of Services as Basis of the Action at Common Law—§2896 Code of 1904—Sexual Intercourse Without Seduction.*—Loss of services is at common law the basis of the action for seduction, and a plaintiff is entitled to maintain such an action and recover for loss of services, and for incidental expenses incurred by him, resulting from the mere act of sexual intercourse of the defendant with the daughter. The statute in Virginia (section 2896 of the Code of 1904), dispensing with the need of proof of actual loss of services has not changed that rule. But where sexual intercourse has taken place without seduction—that is, without the aid of flattery

and artifice—no recovery can be had by the father beyond compensation for the loss of services and reimbursement of incidental expenses.

Error to a judgment of the Circuit Court of Lee county in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

This is an action by a father, the defendant in error, who was plaintiff in the trial court, against the plaintiff in error, who was defendant in the trial court, to recover $10,000 damages for the alleged seduction by the latter of the daughter of the plaintiff and for certain expenses of nursing, etc., alleged in the declaration. The parties will be hereinafter referred to in accordance with their positions in the court below.

The declaration is in the usual form, alleging seduction at common law, being practically copied from the form given for such a declaration in 1 Barton's Law Pr., pp. 401-2. There was a trial by jury, and a verdict in favor of the plaintiff for $2,500 damages, upon which the judgment was entered which is under review.

There is ample evidence in the record to sustain the verdict of the jury in finding the existence of sexual intercourse of the defendant with the daughter; that it resulted in the birth of a child; that although the daughter was over twenty-one years of age she was still a member of the family of the plaintiff, so that the relation of master and servant existed between the plaintiff and the daughter; and to sustain a verdict of the jury for such actual damages as the plaintiff may have suffered in the premises from loss of the services of the daughter and to reimburse the plaintiff certain incidental expenses alleged in the declaration. But the evidence is conflicting on the question of whether the

sexual intercourse was accomplished by means of a promise
of marriage, as the testimony for plaintiff tended to show
was true, or whether such intercourse took place without
seduction—that is to say, without the aid of any promise of
marriage or other artifice, but was consented to by the
daughter in gratification of her sexual passion merely, as
the testimony for the defendant tended to show was the
case.

In this state of conflict of the testimony the trial court,
over the objection of the defendant, gave the following in-
structions:

## "FIRST FOR THE PLAINTIFF NO. 1.

"The court instructs the jury if they believe from a pre-
ponderance of the evidence in this case that the defendant
had carnal intercourse with the plaintiff's daughter, Polly
Woliver, and at the time of such intercourse the relation of
master and servant existed between plaintiff and his said
daughter, you will find for the plaintiff and assess his dam-
ages at such amount as you believe he had sustained under
the evidence, so that the same does not exceed ten thousand
dollars.

"And the court instructs the jury that if they find for the
plaintiff in this case, they may, in estimating the injury the
plaintiff has sustained, take into consideration the wounded
feelings and affections of the plaintiff, the wrongs done to
him in his domestic and social relations, the stain and dis-
honor he has sustained, and the grief, affliction and mental
anguish, if any, suffered in consequence of the acts com-
plained of, and give damage accordingly."

"SECOND FOR PLAINTIFF NO. 2.

"The court instructs the jury if they find for the plaintiff in this case, you may, in addition to the finding of the actual damagegs sustained by the plaintiff, also find punitive or exemplary damages; that is to say, the jury need not be limited to the mere compensation for the actual damages sustained by the plaintiff, but you may award such further damages as you may think right in view of all the facts and circumstances proved at the trial, as a punishment to the defendant and as a wholesome and salutary example to others to deter them from offending in like manner, and if you believe from a preponderance of the evidence that said carnal intercourse with the plaintiff's daughter was accomplished by means of a prior promise of marriage, you may take this fact into consideration as an aggravation of such damages, and in fixing such damages the jury may take into consideration the financial worth and ability of the defendant."

*J. C. Noel* and *Pennington & Pennington,* for the plaintiff in error.

*B. H. Sewell* and *Davidson & Robinett,* for the defendant in error.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

The single question we need to pass upon, among those raised by the assignments of error, is the following:

[1]   1. Was the trial court in error in instructing the jury that the plaintiff was entitled to recover, because of mere sexual intercourse of the defendant with his daugh-

ter, not accomplished by seduction under the promise of marriage or by other artifice, damages for wounded feelings and affections, etc., and punitive or exemplary damages, as set forth in the instructions above copied, in addition to compensatory damages for loss of the services of the daughter and for the expenditures alleged in the declaration?

[2, 3] This question must be answered in the affirmative. The declaration is in proper form for a declaration alleging seduction at common law. 1 Barton's Law Pr., pp. 401-2; 4 Robinson's Pr., pp. 625-6; 2 Greenl. on Ev. (14th ed.), sec. 571; *Fry* v. *Leslie,* 87 Va. 269, 12 S. E. 671. The allegation in the declaration that the defendant "debauched and carnally knew" the daughter is an allegation not merely of sexual intercourse, but of such intercourse accomplished by seduction—that is, by aid of enticement through "arts, promises or deception." (*State* v. *Whalen,* 98 Iowa 662, 68 N. W. 554.) That is to say, "to debauch" means to seduce and violate a woman. *Koenig* v. *Nott,* 2 Hilt. (N. Y.) 323, 329. Or, as defined in the Century Dictionary, "debauch" means "to corrupt with lewdness; bring to be guilty of unchastity, deprave, seduce, as to debauch a woman." But the instructions in question fall short of the allegation of the declaration on the subject under consideration. They allow recovery of punitive damages and damages for wounded feelings and affections, etc., as injuries resulting from the mere sexual intercourse with the daughter, taking place without any seduction.

[4] It is true that loss of services is at common law the basis of the action for seduction, and a plaintiff is entitled to maintain such an action and recover for loss of services, and for incidental expenses incurred by him, resulting from the mere act of sexual intercourse of the defendant with the daughter (35 Cyc. 1304; 25 Am. & Eng.

Ency. Law (2nd ed.), p. 191), the statute in Virginia (sec. 2896 of the Code) dispensing with the need of proof of actual loss of services has not changed that rule. *Lee* v. *Hodges,* 54 Va. (13 Gratt.) 726; but, as said in the work last cited (25 Am. & Eng. Ency. Law), at p. 218: "It is, however, well settled that in cases where sexual intercourse has taken place without seduction—that is, without the aid of flattery and artifice—no recovery can be had by the father beyond compensation for the loss of services and reimbursement of incidental expenses." See also to same effect 35 Cyc., p. 1326.

The only authority cited for the plaintiff which in the holding sustains his contention that other than compensatory damages may be recovered in a case of mere sexual intercourse—that is, of such intercourse not accomplished by seduction—is that of *Barbour* v. *Stephenson* (U. S. C. C. Dist. of Ky.), 32 Fed. 66. The report of that case gives only the charge of the trial judge. There is frequent reference in the charge to the case being one of "seduction," to the "person seduced," "the wrongful act of seducing her," "such an injury," etc. The only issue in the case seems to have been over the identity of the person who seduced the daughter and not over the question of whether the intercourse was accomplished by seduction. It is true, however, that, in the course of the charge, language is used to the effect that seduction was not necessary to sustain a recovery of damages because of the "wounded feelings" of the plaintiff, but no authority is cited to sustain that proposition, and, as we have seen above, the case is in direct conflict with the holding of all the other authorities on the subject which have been called to our attention. And in our view such case is on this point unsound in principle and we cannot give it our approval.

The case of *Lipe* v. *Eisenlerd,* 32 N. Y. 229, cited for

plaintiff, was one of seduction so far as the report shows, and what is said in the case as reported assumes it to have been such a case, referring to the "seduction," etc. And there was no issue in the case involving the question we have under consideration, nor was there any deliverance of the court, even as *dictum,* on such subject. The same is true of the cases of *Lee* v. *Hodges,* 54 Va. (13 Gratt.) 726; *White* v. *Campbell,* 54 Va. (13 Gratt..) 573; *Clem* v. *Holmes,* 74 Va. (33 Gratt.) 722, 36 Am. Rep. 793, and *Fry* v. *Leslie,* 87 Va. 269, 12 S. E. 671, which are cited for the plaintiff.

Since there was testimony for the defendant in the case before us which, if credited by the jury, was sufficient to have shown that he was not guilty of the seduction charged in the declaration, all consideration of which evidence was taken from the jury by the instructions in question, the giving of such instructions constitutes reversible error.

Therefore, the case must be reversed and a new trial granted to the defendant, to be had not in conflict with the views expressed in this opinion.

*Reversed.*