**STATE of Iowa, Appellee,**

v.

**Wayne (NMN) POWELL, Appellant.**

**No. 85–1744.**

Supreme Court of Iowa.

Feb. 18, 1987.

Charles L. Harrington, Appellate Defender, and Raymond E. Rogers, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Christie J. Scase, Asst. Atty. Gen., William E. Davis, Co. Atty., and James D. Hoffman, Asst. Co. Atty., for appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ, and WOLLE, JJ.

LARSON, Justice.

Wayne Powell appeals from his conviction of burglary in the second degree, Iowa Code §§ 713.1, 713.5 (1985), and his sentence as an habitual offender under section 902.8 (1985). We affirm.

In April 1985, Davenport police officers observed broken glass in the door of a beverage store. Because the glass was still falling, they concluded that a break-in had just occurred. A few minutes later, a car drove away from a convenience store across the street and was stopped by the police. The car was driven by Shawn Durrah, and the defendant, Wayne Powell, was a passenger. While checking Durrah's driver's license, an officer noted a pair of gloves and a flashlight in the car, and the two men were then detained. Durrah told the police that Powell had broken into the beverage store and had hidden cigarettes` and other items from the store in the alley behind the store. The police arrested Powell, and he was charged with the burglary.

At trial, Durrah testified against Powell, and his testimony was corroborated by a criminalist who concluded that glass removed from Powell's coat was consistent with that in the broken store door.

During a lunch break in the jury's deliberations, two jurors went to a public library and examined sections in the Iowa Code defining the crimes of burglary and criminal trespass.

The jury found Powell guilty of burglary. The trial court overruled the defendant's motion in arrest of judgment, which challenged the sufficiency of the evidence, and his motion for a new trial based on the jurors' unauthorized examination of the Code.

On appeal, Powell argues that (1) Shawn Durrah was an accomplice as a matter of law, and his testimony was not sufficiently corroborated; (2) the trial court erred in refusing to grant him a new trial on the ground of jury misconduct; (3) he was denied effective assistance of counsel; and (4) the court failed to state sufficient reasons for the sentence imposed.

### I. *The Corroboration Issue.*

Powell argues that Shawn Durrah was an accomplice as a matter of law and that his testimony was not corroborated as required by Iowa Rule of Criminal Procedure 20(3).

The question of whether a person is an accomplice is one of law only when the facts are not disputed or susceptible to different inferences; when the facts are disputed, the question is one of fact for the jury. *State v. Doss,* 355 N.W.2d 874, 879 (Iowa 1984). In this case, the court sub-

mitted the accomplice issue to the jury. We agree that there was evidence which was susceptible to different inferences on the question, and it was therefore proper to submit it to the jury.

In any event, even if Durrah were held to be an accomplice as a matter of law, there was sufficient corroborating evidence to sustain the conviction. While the fragments of glass found on Powell could not be shown with certainty to have come from the beverage store door, they were at least consistent with it; and other evidence, including a rock used to break the glass and two boxes of cigarettes found in the alley, added substance to Durrah's account of the incident. The rule is that corroborating evidence need not be strong so long as it connects the accused with the crime and supports the credibility of the accomplice. *See State v. Berney*, 378 N.W.2d 915, 918 (Iowa 1985).

## II. *Jury Misconduct.*

Powell argues that the misconduct of two jurors who researched the law so prejudiced his trial that the verdict must be set aside. He cites Iowa Rule of Criminal Procedure 23(2)(b)(2), which provides that a court may grant a new trial "[w]hen the jury has received any evidence, paper or document out of court not authorized by the court."

Granting of a new trial in such cases, however, is not automatic. The rule says the court may grant it in such a case. Our cases require that three tests be met:
(1) [E]vidence from the jurors must consist only of objective facts as to what actually occurred in or out of the jury room bearing on misconduct; (2) the acts or statements complained of must exceed tolerable bounds of jury deliberation; and (3) it must appear the misconduct was calculated to, and with reasonable probability did, influence the verdict.

*State v. Cullen*, 357 N.W.2d 24, 27 (Iowa 1984).

Powell has successfully met the first of these requirements, that an objective showing be made as to what occurred; it ap-

pears without question that the two jurors went to the library during a lunch break and read the Code's definition of burglary and criminal trespass. One of the jurors testified that they read the Code because they were confused about the distinction between second-degree burglary and criminal trespass. According to her, however, they "didn't find out a whole lot, just that the difference was the intent and how they entered."

Powell complains, however, that the jurors became privy to statements of law which were outside the court's instructions, and this was sufficient to require a new trial. He specifically points to the fact the jurors could have learned that burglary and criminal trespass may be committed by several different means, some of which were not supported by the evidence in the present case or included in the court's instructions. He also argues that these jurors discovered from the Code that burglary is a felony while criminal trespass is only a simple misdemeanor and that this might have influenced the verdict. *See State v. Kirk*, 168 Iowa 244, 261-62, 150 N.W. 91, 96 (1914). According to the testimony of the "researching" jurors, they did not learn what the difference in penalties was.

A person claiming prejudicial misconduct has the burden of proving it by competent evidence. *State v. Harrington*, 349 N.W.2d 758, 762 (Iowa 1984). Here, the only evidence presented by Powell on the question was in the form of statements by defense counsel. The State resisted the motion with the testimony of one of the two jurors involved and affidavits from eight others, tending to show that no information was passed on to the other jurors.

This court has examined in at least two cases the question of whether an examination of the Code by jurors constitutes grounds for a new trial. In the first case, *State v. Whalen*, 98 Iowa 662, 68 N.W. 554 (1896), one of the jurors read to the rest of the jury the Code provisions dealing with seduction. We held the district court was

within its discretion in denying the motion for new trial saying:

The purpose of what was done could not have been to aid the jury in determining the facts of the case, and, if it was to satisfy the jurors that the charge correctly represented the law, then, however reprehensible the method adopted, it was not prejudicial. *State v. Carr*, 43 Iowa, [418] 423 [ (1876) ]. If the purpose was to convince the jurors that the court had not correctly stated the law, it failed, as the verdict is in harmony with the charge. The affidavits, when considered with the entire record in the case, do not show facts from which prejudice must be presumed, and we are of the opinion that the district court was authorized to refuse a new trial.

*Id.* at 673, 68 N.W. at 557.

In a later case, *State v. Kirk*, 168 Iowa 244, 150 N.W. 91, one of the jurors read the penalties for the offenses charged and passed the information along to the rest of the jury. He did not, however, find the Code provisions in regard to indeterminate sentences. We held this misconduct was prejudicial and ordered a new trial, stating that:

Had their information been complete and accurate there might have been no prejudice but in usurping the court's authority to construe the law they overlooked the indeterminate sentence law and thereby obtained an erroneous conception of the punishment to be administered and it cannot fairly be said that they likely were not somewhat influenced thereby.

*Kirk*, 168 Iowa at 260, 150 N.W. at 96. In *Kirk*, we concluded that the jury had actually been misinformed because of the incomplete, and therefore misleading, information imparted to it by the juror's reading of the Code.

A trial court has broad discretion in matters involving alleged jury misconduct, and an abuse of that discretion will not be found unless the action of the trial court is clearly unreasonable under the circumstances. *Cullen*, 357 N.W.2d at 27. *See generally* Annotation, *Prejudicial Effect of Jury's Procurement or Use of Book During Deliberations in Criminal Cases*, 35 A.L.R.4th 626 (1985).

In this case, the defendant showed a potential for the jury's being misinformed, but as the trial court found, he failed to show the reasonable probability that it influenced the verdict under the *Cullen* test. We hold that the court was within its discretion in denying a new trial on this ground.

### III. *Ineffective Assistance of Counsel.*

Powell raises several allegations of ineffective assistance of counsel. He points to his trial counsel's failure to object to hearsay evidence, his failure to suppress evidence seized through an allegedly illegal investigatory stop, and his failure to object to a police officer's comment at trial on Powell's post-*Miranda* silence. Generally, we hold that such claims are more properly raised through postconviction proceedings under Iowa Code chapter 663A. *See, e.g., State v. Taylor*, 310 N.W.2d 174, 179 (Iowa 1981); *State v. Steltzer*, 288 N.W.2d 557, 560 (Iowa 1980). We adhere to that rule here.

### IV. *The Sentencing.*

Powell complains that the trial court failed to state adequate reasons for imposing a prison sentence rather than placing him on probation. He relies on Iowa Rule of Criminal Procedure 22(3)(d), which provides in part that "[t]he court shall state on the record its reasons for selecting the particular sentence."

In this case, the court said:

The law requires that I explain my sentence, and I am going to deny probation because I think you have had the opportunity once and it failed, and there is no reason to believe it won't fail again.

You have been convicted of three felonies. For that reason, I just can't give you probation. That is my reason for my sentence.

We believe the reasons given comply with rule 22(3)(d). In essence, the court

said it was ordering imprisonment because other attempts at rehabilitation through probation had failed and because the defendant had been convicted of three prior felonies. We therefore reject this argument.

We find no basis for reversal and therefore affirm the district court.

AFFIRMED.