## THE STATE OF IOWA V. GILLICK.

1. CHALLENGE TO THE PANEL OF A GRAND JURY. *Held*, that the refusal of the defendant to introduce evidence to sustain his challenge to the panel of the grand jury was sufficient to authorize the court to overrule the challenge.

2. SAME: PLEADINGS. The court may require evidence to sustain the challenge though the prosecutor declines to plead thereto.  *The State* v. *Howard* and *Cress, infra*, cited and followed.

3. OPINION OF A JUROR. An opinion formed by a juror as to the guilt of the defendant is not a sufficient cause for challenge unless it is unqualified in its character.  A challenge to a juror, who answered that he had not formed an *unqualified* opinion as to the guilt or innocence of the defendant, was properly overruled.  *The State* v. *Hinkle*, 6 Iowa 380, and *The State* v. *Pearce*, 8 Iowa 231, followed.

4. JURY MAY BE KEPT TOGETHER. The court, before a jury is sworn and before the cause is submitted to them, may permit the jury to separate or it may keep them together in charge of the proper officer.  Code of 1851, section 3011.

5. WITNESSES IN CRIMINAL ACTIONS.  Chapter 109, Laws Seventh General Assembly, (1858) does not apply to witnesses called by the State in a criminal action to rebut the testimony given by the witnesses of the defendant.  Rebutting testimony may be given by witnesses whose names were not endorsed by the grand jury on the back of the indictment.

6. EVIDENCE.  Scientific works offered in evidence, in the trial of a criminal action, should not be taken by the jury to their room when they retire to agree upon their verdict.

*Appeal from Dubuque District Court.*

TUESDAY, DECEMBER 6.

MURDER.  A former judgment in this case, was reversed by this court at the December term, 1858.  7 Iowa 287. The material facts are stated in the report of the former opinion, and in the following opinion of the court.

*O'Neal, Harvey & Munson* for the appellant, argued that a challenge to the panel of a grand jury will be taken as true if no written plea joining issue thereon is filed by the

State.   3 Bla. Com. 363, note 21, 1 Chit. Cr. L. 548–541, Whart. Am. Cr. L. 946, Arch. Cr. Pl. and Pr. 1633 note, Code of 1851, sections 2885, 2976, 2953, 2958.

*S. A. Rice*, Attorney General, for the State.

STOCKTON, J.—I. The first error assigned is that the court disallowed the challenge of the defendant to the panel of the grand jury.

The record shows that the defendant introduced no evidence to support his challenge, nor to show that the grand jury were not appointed, drawn and summoned as prescribed by law.   The court offered to hear any testimony the defendant might produce to show that the challenge ought to have been sustained.   The defendant declined to offer any such testimony.   This would have been sufficient to authorize the court to overrule the challenge.   The court, however, examined into the regularity of the proceedings, and found them to be correct so far as shown by the record.

The defendant claimed that the attorney for the State should demur or plead in writing to his challenge.   The court overruled this position of the defendant, and decided that the defendant must substantiate his challenge by evidence.   This the defendant refused to do, unless his challenge was traversed in writing.   Whereupon the court disallowed the challenge.   In this we think there was no error.   See *The State* v. *Howard & Cress, infra.*

II. A challenge to an individual juror, of the grand jury, for the reason that he has formed an opinion as to the guilt of the defendant, can only be for the reason that he has formed an *unqualified opinion* that the defendant is guilty of the offence for which he is held to answer.   The juror Young, answered to the question put to him, that he had not formed or expressed an *unqualified opinion* as to the guilt or innocence of the defendant.   The challenge was therefore properly overruled.   *State* v. *Hinkle*, 6 Iowa, 380; *State* v. *Pearce*, 8 Iowa, 231.

III. The objections to the indictment urged by the defendant on the demurrer we think are not well taken. The indictment appears to be sufficiently formal in all its parts, and not liable to any such defect as to require that the demurrer to it should have been sustained.

IV. The rule of court under which the defendant claimed a continuance had been rescinded by order of court at the previous term. This rescinding order, by neglect of the clerk, had not been entered upon the records of the court; but the same was declared in open court, and was acted upon in all criminal cases. Under this state of case, we think the defendant was not entitled to claim a continuance at the first term, particularly as there was no claim that he had been taken by surprise by the rescinding order not having been entered of record at the previous term, or that he was not at the time ready for trial. The court, moreover, suggested that the cause would be continued if good reasons were shown upon affidavit. This was not shown, and we think there was no error in overruling the motion for a continuance. It is proper to state further, that the order made at the previous term, rescinding the rule of court, was at the term at which this application was made, entered of record, as of the previous term, *nunc pro tunc.*

V. It is within the discretion of the court, after the jury is sworn and before the cause is submitted to them, to permit the jury to separate, or to keep them in charge of a proper officer. Code, section 3011. There was no error, therefore, in the refusal of the court, on the application of the defendant, to direct that the jury should be kept together during the trial. It is not made apparent to us that the court in any manner exceeded the discretion vested in it, or exercised it to the prejudice of defendant's rights.

VI. After the testimony for defense was closed, the prosecuting attorney produced two witnesses, and offered to give rebutting testimony by them. The evidence offered, was rebutting only, and was allowed to go to the jury against the objection of the defendant. In this we think there was no

error, although the names of the witnesses were not endorsed by the grand jury on the back of the indictment. We think it cannot, with any degree of justice or plausibility, be claimed that the rule prescribed by the act of March 22d, 1858, (session acts, chapter 109, page 211,) applies to witnesses whom the attorney for the State may desire to call in order to rebut testimony given by the defendant.

VII. On the trial, the defendant's counsel read as evidence to the jury from a certain book, passages to show the effect of drunkenness upon the mind, after first showing by medical testimony, that the same was a scientific work. When the trial was closed, and the jury about to retire for deliberation, the defendant claimed and requested that the jury should be allowed to take the said book into the jury room with them. The portions previously read not being marked, the court refused to permit the jury to take the book, and in this refusal, we think there was no error.

Judgment affirmed.