THE STATE v. CALLAHAN ET AL.

1. **Criminal Law**: SEALED VERDICT: RIGHT TO POLL JURY. The right of a defendant to have the jury polled before their verdict is recorded is a substantial one, of which he cannot be deprived without his consent.

*Appeal from Winneshiek District Court.*

THURSDAY, DECEMBER 16.

INDICTMENT for willful trespass. The jury returned a verdict of guilty, and judgment was rendered thereon. The defendants appeal.

*Brown & Wellington*, for appellants.

*J. F. McJunkin, Attorney General*, for the State.

SEEVERS, J.—The jury retired to deliberate on their verdict in charge of a sworn officer. Without the consent of the

1. CRIMINAL LAW : SEALED VERDICT: RIGHT TO POLL JURY.

parties or court they sealed up their verdict, handed the same to the officer and separated. The appellants objected to the reception and recording of said verdict, but the same was overruled, and the

verdict entered on the records of the court as having been duly rendered.

The appellants moved the court to arrest the judgment and discharge them from custody, because the "jury failed to render any verdict in said cause in open court as by law provided." The motion was overruled.

It is provided by statute that, "when the jury has agreed upon its verdict, it must be conducted into court by the officer having it in charge. The names of the jury must then be called, and if all do not appear the rest must be discharged without giving a verdict." When the jury have answered to their names and have agreed on a verdict, they must declare it. Code, §§ 4460, 4461.

It is the right of either the defendant or the State to have the jury polled at any time before the verdict is recorded. Code, § 4470.

It is evident the defendants were deprived of the right given by statute to poll the jury. We cannot say such right was not material, or the defendants were not prejudiced by being deprived of such statutory right. It seems to us it was a substantial right of which a defendant in a criminal action cannot be deprived without his consent. The court erred in receiving and recording the verdict, and in rendering judgment thereon.

REVERSED.