The State of Iowa, Appellee, v. George Fertig, Appellant.

Practice in Criminal Cases: VERDICT: MISCONDUCT OF JURY: NEW TRIAL. Upon the conclusion of the trial of the defendant for maintaining a nuisance by the sale of intoxicating liquors, the jury retired to deliberate upon their verdict, and after being in consultation for several hours a verdict of guilty was agreed upon, the same reduced to writing, signed by the foreman and delivered to the officer having the jury in charge, and the jury dispersed. After about two hours the jury were again called together, when they brought in and delivered in open court the same verdict which had been agreed upon previous to the separation. *Held,* that the action of the jury was a violation of the provisions of sections 4442, 4458, 4460, 4462 and 4470, requiring that the jury shall be kept together, and not allowed to communicate to anyone until their verdict shall have been declared in open court, and entitled the defendant to a new trial.

*Appeal from Floyd District Court.*—Hon. George W. Ruddick, Judge.

Wednesday, December 16, 1891.

The defendant was indicted, tried and convicted for keeping and maintaining a nuisance by the sale of intoxicating liquors, and he appeals.—*Reversed:*

*J. S. Root,* for appellant.

*John Y. Stone* and *Thomas A. Cheshire,* for the State.

Rothrock, J.—One ground upon which it is claimed that the judgment should be reversed is founded upon alleged misconduct of the jury. It appears from the record that the court instructed the jury at about five o'clock in the afternoon, at which time the jury retired in charge of an officer to consider their verdict. After being in consultation for about three hours a verdict of guilty was agreed upon and reduced

to writing, and it was signed by the foreman, and delivered to the officer who had the jury in charge. Thereupon the jury separated, and each one of the jurors went his way. The jury was under the impression, from the charge of the court, that they were authorized to seal the verdict and disperse. This was a misapprehension. There was no direction that the jury might seal the verdict and then separate. In about two hours after the dispersion of the jury the members thereof were again called together, when they brought in and rendered in open court the same verdict which had been agreed upon previous to the separation.

The question is, whether the motion for a new trial should have been sustained by reason of this irregular action of the jury. The sections of the Code pertaining to that part of the trial for a criminal offense after the submission of the case to the jury, so far as pertains to the question under consideration, are as follows:

"Sec. 4442. After hearing the charge, the jury may either decide in court or may retire for deliberation. If they do not agree without retiring, one or more officers must be sworn to keep them together in some private and convenient place, without meat or drink, water excepted, and not to suffer any person to speak to or communicate with them, nor speak to or communicate with them themselves, unless it be to ask them whether they have agreed upon their verdict, and not to communicate to anyone the state of their deliberation or the verdict agreed upon until after the same shall have been declared in open court, and received by the court, and to return them into court when they shall have so agreed upon their verdict, unless by permission or order of the court they be sooner discharged."

"Sec. 4458. While the jury is absent the court may adjourn from time to time as to other business,

but it shall be nevertheless deemed open for every purpose connected with the cause submitted to the jury until a verdict be rendered or the jury is discharged."

"Sec. 4460. When the jury has agreed upon its verdict, it must be conducted into court by the officer having it in charge. The names of the jurors must then be called, and, if all do not appear, the rest must be discharged without giving a verdict. In such case the cause may again be tried at the same or another term."

"Sec. 4462. When the jury have answered to their names, the court or clerk shall ask them whether they have agreed upon a verdict, and if the foreman answers in the affirmative, they must, on being required, declare the same."

"Sec. 4470. When a verdict is rendered, and before it is recorded, the jury may be polled on the requirement of either party; in which case they shall be severally asked whether it be their verdict, and, if any one answer in the negative, the jury must be sent out for further deliberation."

These sections of the law were not intended as merely directory provisions. They appear to us to be absolute requirements, and we know of no reason why they may be ignored, unless their provisions are waived by the party on trial. That they must be so regarded is quite apparent from the fact that by section 4434 the jury may, at any time before the final submission of the cause to them, in the discretion of the court, be permitted to separate. This provision plainly implies that no separation is permissible after the cause is submitted to the jury, unless by consent. It is contended in behalf of the state that, under the repeated decisions of this court, prejudice will not be presumed on account of this irregularity; and, in the absence of a showing of prejudice, a verdict should not be set aside; and we are cited to the case of *State v. Gillick*, 10 Iowa, 98.

It was held in that case that it was not error to refuse to keep the jury together during the trial and before the cause was submitted to the jury. It is apparent that the rule there announced does not meet the question here presented. The case of *State v. Bowman,* 45 Iowa, 418, is also cited by the state. In that case one of the jurors, after retiring to consider the verdict, absented himself from the jury room for a short time, for a necessary purpose, accompanied by a deputy sheriff, with whom he had no conversation about the case, and it was held that this did not justify the granting of a new trial. The case of *State v. Wart,* 51 Iowa, 587, is also relied upon by the state. In that case, after the charge to the jury, and while they were on their way to the jury room, one of them separated from the others, so far as to go to the hotel where he was stopping to obtain some tobacco, but arrived at the jury room very nearly as soon as the other jurors, and before their deliberations had commenced. It was held that, without a showing of prejudice, the absence of the juror did not vitiate the verdict.

It will be observed that all that was determined in the last two cases cited was that a literal compliance with that part of section 4442 which requires the officer in charge of the jury to keep them together, is not necessary. The statute was not intended to prevent individual jurors from absenting themselves for necessary purposes. But it is apparent that this is quite a different state of facts from the breaking up and separation of the jury, and each juror going his way, and mingling with the public. It was held in *State v. Callahan,* 55 Iowa, 364, that where the jury, without the order of the court or consent of the parties, sealed up their verdict, and handed the same to the officer and separated, a new trial should have been ordered, because the defendant was thereby deprived of the right to poll the jury. It is true that in the case at bar the jury was reconvened after they sealed up their verdict, and the

defendant had the right to poll the jury on the verdict as it was finally returned. We think that there should be at least a substantial compliance with the provisions of the law above cited. It is a right which the law guarantees to a party charged with a crime that the jury shall not, without his consent, be permitted to separate and disperse until after they have returned a verdict, and, if they do disperse, it is his right to insist that the investigation is a mistrial. And, although the defendant was on trial in this case for a misdemeanor, the law, in so far as the deliberations of the jury and the return of the verdict are involved, as imperatively requires that the jury shall not separate without his consent as it would if he had been on trial for the gravest felony. It is to be said that the separation of the jury was the result of a misapprehension of the charge of the court, and that the court, as soon as it was ascertained, caused them to be reconvened. It was a mistrial, and, although denominated misconduct on the part of the jury, it does not appear that any wrong was intended. As the cause must be reversed for the error above pointed out, it is unnecessary to determine other questions presented by counsel, as they are not such as will likely arise on another trial. REVERSED.