# SUPREME COURT

OF

## THE STATE OF IOWA

AT

## DES MOINES, MAY TERM, A. D. 1896,

AND IN THE FIFTIETH YEAR OF THE STATE.

98 101
102 668
98 101
f107 481

---

### STATE OF IOWA v. OWEN GARRITY, Appellant.

**Practice:** SEPARATING JURY. Code, section 4434, provides that the
1   jurors sworn to try an indictment may, at any time before the
final submission of the cause to them, be permitted to separate
except where one of the parties objects thereto. *Held*, that it was
error to permit a jury to separate against the objection of the
defendant. *State v. Rainsbarger*, 74 Iowa, 200, *overruled*.

CONSTRUCTION OF STATUTE: *New panel.* Code, section 4443, pro-
2   vides, that if, before the conclusion of a trial, a juror becomes
sick, so as to be unable to perform his duty, the court may discharge
him, and swear in a new juror, and begin the trial anew, or may
discharge the entire jury, and thereafter impanel a new one to
try the case. *Held.* that the statute is not mandatory, and does
not prohibit the court from adjourning for a few days until the
sick juror becomes able to resume the discharge of his duty.

WITHDRAWAL BY INSTRUCTION. An instruction—that if the accused,
3   on a prosecution for seduction, induced the prosecutrix to consent

(101)

to intercourse, by representing to her, in substance, "that there was nothing wrong in such an act between parties who were going to marry," this would be an artifice within the meaning of the law—is not erroneous as directing attention of the jury to the language of the testimony of the prosecutrix, and amounting to a withdrawal from them of other competent evidence.

*Appeal from Clinton District Court.*—HON. C. M. WATERMAN, Judge.

TUESDAY, MAY 12, 1896.

THE defendant was indicted and tried for the crime of seduction, was found guilty, and sentenced to be confined therefor for the period of eighteen months in the state penitentiary. He appeals from said judgment.—*Reversed.*

*J. S. Darling, P. H. Judge,* and *A. L. Pascal* for appellant.

*Milton Remley,* attorney general, for the state.

KINNE, J.—I. Defendant contends that the court erred in this: That after the trial had proceeded several days, and on October 6, 1894, one of the jurors in the case being ill, the court, against defendant's objections, and in opposition to his request, then made, that the jury be kept together, did continue, or adjourn, the further hearing of said cause until October 10, 1894, and excused the jury until that time. The complaint is that the court should have kept the jury together during said adjournment. Our statute provides: "The jurors sworn to try an indictment, may, at any time before the final submission of the cause to them, in the discretion of the court be permitted to separate, *except where one of the parties object thereto*, or be kept together in charge of proper officers. The officers must be sworn to keep

the jury together during the adjournment of the
court, and to suffer no person to speak to or commu-
nicate with them on any subject connected with the
trial, nor do so themselves, and to return them into
court at the time to which it adjourns." Code, section
4434. It is to be observed that the portion of the
section italicized was not incorporated in the Code of
1851, or in the Revision of 1860. Code 1851, section
3011; Revision 1860, section 4802. It appears first in
the Code of 1873. Under the law as it existed prior
to the adoption of the Code of 1873, it was held that
it was not error for the trial court to refuse, on the
application of the defendant, to keep the jury together
during the trial. *State v. Gillick*, 10 Iowa, 98; *State v.
Felter*, 25 Iowa, 67. In *State v. Rainsbarger*, 74 Iowa,
200 (37 N. W. Rep. 153), which was decided after the
adoption of the Code of 1873, the defendant, after the
jury were empaneled, asked that they be placed in
the care of an officer, and that they be not allowed to
separate. The court, in passing upon the alleged
error of the trial court in refusing this request, said:
"This court has held, under the statute now in force
applicable to the question (Code, section 4434), that
the court, in the exercise of its discretion, may, in the
case of the character of the one before us, permit the
jury to separate under proper direction and admo-
nition. *State v. Felter*, 25 Iowa, 67." There is nothing
in the opinion to indicate that the attention of the
court was called to the fact that the statute had been
changed since the decision of *Felter's Case*, and that
matter is not mentioned in the opinion. An exami-
nation of the record and arguments in the *Rainsbarger
Case*, shows that the attention of this court was not
called to the change in the statute. It must, we
think, be held that, by inserting the italicized words,
the legislature meant something. They could have
had no other meaning than that, when either the state

or the defendant objects to the jury being permitted to separate during the trial, they must be kept together in charge of proper officers. Nor is it to be doubted that it is in the sound discretion of the trial court on its own motion, to require the jury to be kept together in any case triable on indictment. As it is clearly manifest that this question was determined in the *Rainsbarger Case* without the attention of the court being directed to the change in the statute, we ought not to follow it. As the court, under the statute, cannot permit a jury trying an indictment to separate in case "one of the parties object thereto," and as defendant in this case did so object, it was error for the court to ignore said objection, and permit the jury to separate.

II. Appellant insists that, under section 4443 of the Code of 1873, the juror should have been discharged, and a new juror sworn in, and the trial begun anew, or that the jury should have been discharged, and another jury afterwards impaneled to try the case. True, the section referred to provides that if, before the conclusion of a trial, a juror is sick, so as to be unable to perform his duty, the court may discharge him, and swear in a new juror, and begin the trial anew, or may discharge the entire jury, and thereafter impanel a new, or may discharge one to try the case. But this statute is not mandatory. It says the court "may" take any of the steps therein provided. But we do not think it was ever intended to thereby prohibit the court from adjourning for a few hours, or a few days, if necessary, until the sick juror becomes able to discharge his duty, and then proceeding with the trial. Such a course is often advisable, and, while working no injustice to either party, frequently saves much time and expense which would attend trying a case over again. What we have said is not inconsistent with our holding

in *State v. Fertig*, 84 Iowa, 79 (50 N. W. Rep. 545). Nor is the case of *Lyons v. Hamilton*, 69 Iowa, 47 (28 N. W. Rep. 429), in conflict with our holding. In that case the cause was continued for a day, and nine of the same jurors impaneled in another case, the trial of which was proceeded with. At its conclusion, the trial of the original case was resumed. In the opinion in that case it is said: "If the court had entered upon the trial of the cause the next morning, there would have been no reason for any objection to the jury; or if the court had adjourned from Saturday until Monday, or for any other reasonable time, there would be no good reason why the jury should not proceed to hear and determine the cause. But that is quite another thing from a continuance of the cause, and impaneling most of the jury in another action, and trying it, and then taking up this case." In the case at bar, the action of the court amounted to nothing more than taking a recess from the sixth to the tenth of October. Indeed, it does not appear that the court was in session during this interval of three days.

III. · It is contended that the court erred in refusing to give certain instructions asked by the defendant. Without setting forth these instructions, it may be said that, so far as they embraced the law and were applicable to the facts of the case, they were covered fully by the charge of the court.

IV. The ninth instruction given by the court is assailed as erroneous. In it the court told the jury: "If you find that the defendant had sexual intercourse with said prosecutrix, Mary Black, and that he induced her to consent thereto, by representing and saying to her, in substance, that 'there was nothing wrong in such an act between parties who were going to marry,' this would be an artifice, within the meaning of the law." It is said that the court should not have directed the attention of the jury

to the language of the testimony of the prosecutrix, and *State v. Meshek*, 51 Iowa, 308 (1 N. W. Rep. 685), and *State v. Donovan*, 61 Iowa, 369 (16 N. W. Rep. 206), are relied upon.  In *Meshek's Case* an instruction was held erroneous because it, in effect, amounted to a withdrawal of other competent evidence from the consideration of the jury.  The instruction given in this case had no such effect.  In *Donovan's Case* an instruction was held erroneous because it was an expression of the opinion of the court upon the weight of evidence.  The instruction before us is not vulnerable to the objections made.

V.  It is insisted that the court, in the eleventh instruction, assumed that the prosecutrix was corroborated.  It is not open to that construction, and is in all respects fair and unobjectionable.

VI.  It is said that the evidence of the prosecutrix is not corroborated, as the statute requires; that the verdict is contrary to the evidence; and that an alibi was established by the defendant.  As, for the error heretofore mentioned, the cause must be reversed, it is not proper for us to discuss the weight of the evidence, as on another trial it may not be the same.

For the error of the court in permitting the jury to separate, against the objections of the defendant, the judgment below must be REVERSED.