## STATE OF IOWA v. T. G. LA GRANGE, Appellant.

**Bill of Exceptions:** REMARKS BY THE COURT. Remarks of the court during the trial cannot be shown by affidavit, but should be made of record by bill of exceptions signed by the judge, or, in case of his refusal to sign it, by two or more attorneys, officers of the court or disinterested bystanders, who should swear to it, after which it should be filed.

**Misconduct of Bailiff:** NEW TRIAL. In the absence of a showing that no prejudice resulted, a conviction cannot stand, where the jury sent one of its members to ask the bailiff how long they would have to stay out if they did not agree on a verdict, and the bailiff told the jurors that the judge said they would have to stay out until Monday morning unless they agreed sooner; Code, section 4442; providing that the bailiff shall not speak to the jury, unless to ask if they have agreed on their verdict.

IMPEACHMENT OF VERDICT: *Affidavits.* Alleged misconduct of jury and bailiff in charge, while away from the presence of the trial judge, is properly made part of the record by affidavits filed with the motion for new trial.

*Same.* A statement by the jurors that they were influenced by what the bailiff in charge said in regard to keeping them together in case they disagreed, relates to a matter inhering in the verdict, and cannot be considered on appeal.

*Appeal from Benton District Court.*—HON. GEORGE W. BURNHAM, Judge.

FRIDAY, OCTOBER 9, 1896.

THE defendant was convicted of the crime of nuisance, committed by establishing and maintaining a place in which he kept for sale, and sold, intoxicating liquors, in violation of law. From the judgment, which required him to pay a fine of five hundred dollars, an attorney's fee, and costs, he appeals.—*Reversed.*

*Matt Gaasch, Cato Sells,* and *Tom H. Milner* for appellant.

*Milton Remley,* attorney general, for the state.

ROBINSON, J.—The defendant was a registered pharmacist during the time he is alleged to have committed the crime in question, but there is evidence which tends to show that he made sales of intoxicating liquors in violation of law. The questions we find it necessary to determine, arise on a motion for a new trial which was filed by the defendant, and overruled.

I. The appellant complains of several remarks alleged to have been made by the court during the trial, and claimed to have been prejudicial. The state objects to a consideration of the remarks on their merits, because they were not properly made of record. They are shown only by an affidavit attached to the motion for a new trial. We held in *State v. Whalen,* 98 Iowa, 662 (68 N. W. Rep. 554), that an affidavit attached to a motion for a new trial becomes a part of the record by filing, but it does not follow that an

affidavit which is thus made a part of the record, is competent to show a material fact in the case. The court necessarily had knowledge of the remarks in question, and the proper method of making them of record was by bill of exceptions duly signed by the judge, or, in case of his refusal to sign it, by two or more attorneys or officers of the court, or disinterested bystanders, who should have sworn to it, and it should have been filed, and thus made a part of the record. Code, section 4483. That was not done. We held in *Rayburn v. Railway Co.*, 74 Iowa, 641 (35 N. W. Rep. 606), and (38 N. W. Rep. 520), that misconduct of an attorney in presenting a case to the jury, which occurred in the presence of the court, could not be shown by affidavit, and that holding has since been followed. The reason for that rule applies as strongly in this case as in those in which it has heretofore been adopted, and we must hold that the remarks of the court, in question, are not properly before us for review.

II. It is claimed that the jury and its bailiff were guilty of such misconduct that the verdict should have been set aside. The alleged misconduct is shown by affidavits attached to the motion for a new trial. As the acts of which complaint is made did not occur in the presence of the court or judge, they could not have been certified by the judge, and therefore were properly shown and made of record by means of affidavits filed with the motion for a new trial. The affidavits show that during the deliberations of the jury it sent one of its members to Robert Covert, the bailiff, to ascertain how long it would be obliged to stay in the jury room if it did not agree upon a verdict; that Covert represented to the juror so sent, in the presence of other jurors, that the judge had told him that they would be obliged to remain until Monday morning

unless they sooner agreed, and that they could not agree to disagree. The affidavits further state: That "said bailiff made himself officious in various ways, by advising the jury and making statements as to what the judge had said as to the merits of the case, and the time said jury would be required to remain in the jury room. That after the jury had agreed upon a verdict, said Covert told them that he was only joking; that Judge Burnham had not told him that the jury would have to stay until Monday morning unless they sooner agreed." Each affidavit further states that the affiant would not have agreed to the verdict had it not been for the representations so made, and had he not believed that unless he did consent to a verdict of guilty he would be required to stay in the jury room until Monday morning. One of the affiants states further, that, at the time the conversation with Covert took place, five of the jurors were for conviction and seven for acquittal. The statement of the jurors that they were influenced by what the bailiff said in agreeing to a verdict, relates to a matter which inheres in the verdict, and cannot be given any weight. *State v. Whalen*, *supra*, and cases therein cited. But the affidavits show misconduct on the part of the bailiff in talking to the jury, and misconduct on its part in listening to him. Section 4442 of the Code refers to juries in criminal cases, and provides that, if the jury does not agree without retiring for deliberation, "one or more officers must be sworn to keep them together in some private and convenient place, without meat or drink, water excepted, and not to suffer any person to speak to or communicate with them, nor speak to or communicate with them themselves, unless it be to ask them whether they have agreed upon their verdict, and not to communicate to any one the state of their deliberation or the verdict agreed upon,

until after the same shall have been declared in open
court, and received by the court, and return them
into court when they shall have so agreed upon
their verdict, unless by permission or order of the
court, or they sooner be discharged." This provision
has been held to be mandatory. In *State v. Fertig*, 84
Iowa, 80 (50 N. W. Rep. 545), it was said that the sep-
aration of the jurors after they had agreed upon a
verdict, but before it had been received by the court,
although they were called together again in about two
hours, vitiated the verdict, and afforded ground for a
new trial. In *State v. Crafton*, 89 Iowa, 109 (56 N. W.
Rep. 257), the provision we have quoted was said to be
mandatory; but it was held that the trial court rightly
refused a new trial asked on the ground that the bailiff
who had charge of the jury was not sworn, because that
is not a statutory ground for a new trial, and, as the
officer faithfully performed every duty imposed upon
him by law, the failure to administer the oath did
not prejudice the defendant nor make the trial other
than fair and impartial. But in this case the jury
was guilty of misconduct in asking of the bailiff infor-
mation he was forbidden to communicate, and in per-
mitting him to give it, and to advise the jury, and to
repeat remarks in regard to the case made by the
trial judge. The bailiff was guilty of misconduct in
talking with the jury, excepting to ascertain if it had
agreed upon a verdict, and what he said was of
a nature to unduly influence an agreement. It
was the right of the defendant to have a verdict
which should be the result of the deliberation of the
jury, controlled alone by evidence and the charge
given by the court, unaffected by unauthorized
statements of the views of the judge, or his inten-
tions in regard to keeping the jurors together. In
*Cole v. Swan*, 4 G. Greene, 32, it was said: "Officers
having a jury in charge while they are deliberating

upon their verdict should never speak to them, except to ask them whether they have agreed. Any conversation by the officer ought to subject him to severe punishment by the court, and any verdict returned after such conversation, whether it had any influence or not in producing the verdict, ought to be set aside the moment the fact comes to the knowledge of the court." That case was not determined under existing statutes, but it tends to support the conclusion we reach. We are not to be understood, however, as holding that a new trial should have been granted in this case, had it been made to appear that prejudice did not result from the misconduct in question. Technical errors or defects which do not affect the substantial rights of the parties are to be disregarded. Code, section 4538. We do not, therefore, reverse a judgment in a criminal case for an error which is shown to have been without prejudice, nor for an error of such a character that prejudice may not be fairly presumed to have arisen from it. But in this case the misconduct in question was so flagrant that prejudice from it must be presumed, and no attempt is made to show that it was not prejudicial. The defendant has not had a fair trial, to which he is entitled, and a new trial should have been granted.

Other questions are presented in argument, but, as they are not likely to arise on another trial, will not be determined. The judgment of the district court is REVERSED.