STATE OF IOWA v. A. H. BIGELOW, Appellant.

**Uttering Forged Check:** RES GESTÆ: *Evidence.* On trial for uttering a forged check, evidence that defendant was employed by the same company which employed the person whose name was forged, and that on the day the forgery was committed, defendant requested such person to make out for him a check, that one was made out, and numbered 444, and that the forged check was signed in the same manner, but was numbered 445, was admissible as part of the *res gestæ.*

WITHDRAWAL OF EVIDENCE: *Instructions.* On trial for uttering a forged check, evidence of other forgeries by defendant was offered, and the court reserved its ruling. The objection was afterwards sustained, and the jury were orally told that the evidence was withdrawn from their consideration. *Held*, that a written instruction was not necessary.

CONSTRUCTION OF STATUTE. Uttering a forged check is an offense within Code, sections 3917-3918, providing for the punishment of any person who, with intent to defraud, fraudulently makes, or forges, any bill of exchange, or any instrument in writing, purporting to be the act of another, by which any pecuniary obligation purports to be created, and of any person who utters and publishes as true, any instrument of writing above mentioned, knowing the same to be false, * * * forged, with intent to defraud.

DEGREES: *Included offenses.* Forgery is neither a degree of the crime of uttering, nor included in the offense, and uttering has no degrees; hence it should not be charged that upon indictment for uttering, there may be a conviction for forgery.

**Misconduct of Counsel:** REVIEW ON APPEAL. Improper remarks of the county attorney will not be reviewed where shown only by affidavits not made part of the record by bill of exceptions, or otherwise

SAME. Alleged improper remarks of the county attorney will not be reviewed where the record does not show that it contains all the evidence considered by the court below in passing on the alleged misconduct.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

### WEDNESDAY, APRIL 7, 1897.

DEFENDANT was indicted, tried, and convicted of the crime of uttering a forged check, and, from the sentence imposed, appeals.—*Affirmed.*

*John McLennan* for appellant.

*Milton Remley*, attorney general, and *Jesse A. Miller* for the state.

DEEMER, J.—I. The check which the defendant is charged with having uttered, purports to have been drawn upon the German Savings Bank of Des Moines by one "Geo. C. Newman, Sec'y," and is made payable to Knudt Engebredtsen. It was delivered to the payee by the defendant in payment of a board bill, late on a Saturday night, with the expectation on the part of defendant that it would be cashed by Engebredtsen, and a part of the proceeds returned to defendant, as it called for a larger sum than was due the payee thereof. Some question arose as to the genuineness of the signature of the drawer, and defendant attempted to secure the return of the check. Failing

in this, he left Des Moines; and, it having been discovered that the check was forged, defendant was arrested at Tama City, and returned to Des Moines, and finally indicted and tried, with the result before stated.

The state was permitted to prove that defendant was for a time in the employ of the Farmers & Mechanics Mutual Accident Association, of which Newman was secretary, and that upon the same day the check in question was delivered to defendant, he (defendant) requested of Newman that he give him a check. In compliance with this request, Newman wrote Bigelow a check upon the German Savings Bank for the sum of one dollar. This one dollar check is signed in the same manner as the one defendant is charged with having uttered, and bears the number 444. The number of the one in question is 445. It is contended that the court erred in admitting this evidence, for it is said to be no part of the *res gestae*. It seems to us that the evidence was properly admitted, for it was so closely connected with the uttering of the instrument in question as to constitute a part of the same transaction; at least the jury was warranted in so finding. It was one of the acts leading up to, and was a part of the preparation made for, the commission of the offense.

II. It is claimed that to utter a forged check is not a crime under the statutes of this state. These statutes provide:

"Sec. 3917. If any person with intent to defraud, falsely make, alter, forge, or counterfeit, any  *  *  * bill of exchange, promissory note or any order, *  *  * or other valuable thing, *  *  * or any instrument in writing, being, or purporting to be, the act of another by which any pecuniary demand or obligation, or any right or interest in, or to any property whatever, is, or purports to be created, increased,

transferred, conveyed, discharged or diminished, he shall be punished by imprisonment in the penitentiary not more than ten years.

"Sec. 3918. If any person utter and publish as true, any record, process, certificate, deed, will, or any other instrument of writing mentioned in the preceding section, knowing the same to be false, altered, forged, or counterfeited, with intent to defraud, he shall be punished by imprisonment in the penitentiary not more than fifteen years and fined not exceeding one thousand dollars."

It is perfectly plain that the language used in these sections of the Code covers an ordinary check. It is not only an order or an instrument in writing purporting to be the act of another, by which a pecuniary demand or obligation is or purports to be transferred or conveyed, but it is, also, an inland bill of exchange. It needs no extended argument to demonstrate that the statutes quoted cover forged checks. See *People v. Kemp* (Mich.) 43 N. W. Rep. 439.

III.   Appellant's next contention is that the court erred in refusing to charge upon his request that the jury might find him guilty of forgery. It is argued that forgery is a lower degree of the crime charged, or, if not, that it is an included offense, and that the jury should have been so instructed. We do not think this point is well taken. The offense charged has no degrees. Nor is the crime of forgery necessarily included in an indictment for uttering a false and forged instrument. That the instrument must be forged is true, but it need not be shown that the defendant forged it in order to make out the offense charged. The case does not fall within the provisions of McClain's Code, sections 5850, 5851.

IV.   The state attempted to prove that defendant had uttered a forged order to a person other than the prosecuting witness, and it introduced some evidence

tending in this direction. This evidence was introduced and the forged order was offered late in the day, and defendant objected to the evidence and to the exhibit, on the ground that it was immaterial, irrelevant, and incompetent. The court reserved its ruling, and adjourned until the next morning. When court re-convened, the objections were sustained, and the jury were told that the evidence already adduced, was withdrawn from their consideration, and should not be taken into account, in determining the guilt or innocence of defendant. This ruling was excepted to, but, by whom, does not appear. Defendant now insists that the court erred in failing to give the jury a written instruction, withdrawing the evidence. No such instruction was requested, and, in the absence of such request, it was not error to neglect to give one in writing. Had such a charge been requested, it would not have been error to refuse it, under the facts disclosed by this record. The ruling of the court was made in response to objections interposed by defendant, to certain evidence offered by the state, and there is no law, with which we are familiar, that requires such orders or rulings to be in writing. It is not a case where evidence has been admitted over objections interposed, and afterwards ruled out on motion interposed at some later stage of the proceedings. There was no error here. See *State v. Yetzer,* 97 Iowa, 423 (66 N. W. Rep. 737).

V. Complaint is made of some language said to have been used by the county attorney in his argument to the jury. These statements are attempted to be shown by affidavits which were not made a part of the record by bill of exceptions or otherwise, and there is no statement that we have before us all the evidence considered by the court below, in reference to this matter. We have frequently held that misconduct of counsel cannot be shown in

this manner. *State v. Le Grange*, 99 Iowa 10 (68 N. W. Rep. 557). And have also held that the record must show that we have all the evidence considered by the court below, before us, in order to determine the alleged misconduct. *State v. Whalen*, 98 Iowa, 662 (68 N. W. Rep. 554). We may observe in passing that, if the county attorney made the remark attributed to him, it would not be sufficient to justify a reversal of the case. A careful examination of the record leads us to the conclusion that the defendant had a fair and impartial trial, and that there is no reversible error.—Affirmed.