## State of Iowa v. J. F. Smith, Appellant.

**Objection to Separation of Jury.**   An accused's objection to a separation of jurors may be made by him in the absence of the juror and the district attorney.

SAME.   A request in a felony case that the jury shall be kept together during the trial should be made to the court and not to the judge, under the Code, but if originally made to the judge and afterwards ruled upon by him in court as if made in court it will be deemed to have been made in court and its refusal is error.

WATERMAN, J., dissenting.

RULE APPLIED.   A bill of exceptions reciting that "judge" disregarded accused's objections submitted before the court opened, to the separation of the jurors, but permitted the jury to separate until they were finally charged by the court, shows that the court, as such, disregarded the objection.

**Appeal: BILL OF EXCEPTIONS.**   An addenda added to a bill of exceptions after its signing and after statutory time for examination of the bill has expired, which if considered would waive the objection presented by the bill, cannot be considered by the supreme court in view of the provision of the Code which contemplates the signing of the bill of exceptions by the judge or his refusal in writing to do so and in the latter event the signing and verification of the bill by two or more attorneys or officers of the court or disinterested bystanders.

*Appeal from Lee District Court.*—HON. H. BANKS, Judge.

WEDNESDAY, FEBRUARY 1, 1899.

INDICTMENT for embezzlement. Verdict of guilty, and the defendant appealed.—*Reversed.*

*W. J. Roberts* and *A. L. Parsons* for appellant.

*Milton Remley,* Attorney General, for the state.

GRANGER, J.—Because of the particular point on which we reverse the case, it is not important to detail the facts leading to the conviction. The indictment is for embezzling five hundred dollars by defendant, as the agent of one Ernest Heck. The trial was at the October term of the court, 1897. On the third day of the trial, and on the thirteenth day of the month, the defendant presented an objection to the separation of the jurors, and a request that they be kept together during the progress of the trial. The objection and request were in writing, and were disregarded by the court, and an assignment of error brings in question the validity of the act. The court signed a specific bill of exceptions as to the particular question, and after stating the facts as to its presentation, and that it was in writing, the bill of exceptions is as follows: "That said objection and request was not submitted to the county attorney, nor was same made in open court before the jury, but same was simply handed to the judge. That the judge disregarded said objection and request, and, in the exercise of his discretion, permitted the jury to separate at each adjournment of the court until they were finally charged by the court, on the 15th day of October, 1897, at six o'clock P. M.; and at each adjournment the judge gave the usual admonitions to the jury. That the defendant excepts to such action of the judge and court, and prays that this bill of exception be signed, which is accordingly done during the term, this 16th day of October, 1897. H. Banks, Jr., District Judge." In *State v. Garrity,* 98 Iowa, 101, and *State v. Smith,* 102 Iowa, 656, we held that it was reversible error to permit the jurors

to separate against the objection of either party.    The rule
is conceded, and there is no claim but that the case must be
reversed, unless the facts take it out of the operation of the
rule.

In a motion for a new trial, error was assigned upon
the action of the court in permitting the jurors to separate;
and, in ruling on the motion, the court, in writing, states
additional facts as to the presentation of the written objec-
tions, and we quote a part of it, as follows:  "On the third
day of the trial, Mr. Roberts, one of the defendant's attor-
neys, handed to me, in my private office, adjoining the court
. room, during the hours of adjournment, just before the open-
ing of court, and at a time when the court was not in session,
the paper marked 'Exhibit A,' requesting me to keep the jury
together during the remaining part of the trial.    At the time
said paper was handed to me, during the hours of adjourn-
ment, as above stated, I said to Mr. Roberts that it had not
been customary in this county to place the jury in charge of
officers during the pendency of the trial; that, to my recol-
lection, it had never been done in this county, and would
cause considerable additional expense; to which Mr. Roberts
replied that he believed defendant had the right to make such
a demand, and asked me if I had read the case cited on the
paper which he handed me, whereupon I stated to Mr. Rob-
erts that I understood the law to authorize the court to
exercise its discretion as to that matter, but that if he insisted
that such an order should be made, he had better call the
matter up, and the court would hear him on the subject.    Mr.
Roberts replied as to this, saying there was no reason for
calling the matter to the attention of the county attorney."
It contains other facts, as that the matter was not called to
the court's attention in open court, and that the jurors were
afterwards allowed to separate, with the usual admonition,
till the final submission of the cause.    This ruling was on
the twenty-seventh day of October, and the statement is said
in the record to be an "addenda to said bill of exceptions."

To meet clearly the question we are to consider, we may say, for that purpose, that, if the "addenda" could be considered as a part of the bill of exceptions, it would show a waiver of the objection presented.

This addenda comes to us in appellee's amendment to the abstract. In *Dedric v. Hopson,* 62 Iowa, 562, the judge attempted, by a certificate filed in the case, to show that the facts were otherwise than as they appeared in the bill of exceptions. The only distinction we see is that in the *Dedric Case* the statement was called a "certificate," while in this case it is called an "addenda." In both cases the paper was made of record, and the purpose appears to have been the same,—to amend a bill of exceptions previously signed. In the *Dedric Case* it is said: "The proceedings at the trial, as certified in a bill of exceptions, cannot be contradicted by such a certificate. There must be stability and consistency in the records of the proceedings of a court. When a bill of exceptions is signed and filed, it becomes a part of the record. It is not competent for the judge to change or modify it by a contradictory written statement or certificate filed with the papers of the case. If the bill of exceptions is inaccurate, or fails to state facts through mistake or for any cause, the law provides a way to make the proper correction. But it cannot be done by permitting the bill of exceptions to stand, and adding to the record contradictions thereof." That holding was in a civil case, and the reasons for it would be as strong, if not stronger, in a criminal case. The trial was in October, 1897, and its proceedings were governed by the present Code. On the subject of exceptions in criminal cases, after specifying to what they may be taken, the office of a bill of exceptions, and what are deemed parts of the record, it is provided:

"Sec. 5418. Either party may take an exception to any decision or action of the court, in any stage of the proceedings, not required to be and not entered in the record book, and reduce the same to writing and tender the same to the

judge, who shall sign it if true, and if signed it shall be filed with the clerk and become a part of the record of the cause; if the judge refuses to sign it, such refusal must be stated at the end thereof; and it may then be signed by two or more attorneys or officers of the court, or disinterested bystanders, and sworn to by them, and filed with the clerk, and it shall thereupon become a part of the record of the cause.

"Sec. 5419. The judge shall be allowed one clear day to examine the bill of exceptions, and the party excepting shall be allowed three clear days thereafter to procure the signatures and file the same.

"Sec. 5420. If the judge and the party excepting can agree in modifying the bill of exceptions, it shall be modified accordingly.

"Sec. 5421. Time must be given to prepare the bill of exceptions when it is necessary; if it can reasonably be done, it shall be settled at the time of taking the exceptions."

It will be seen that these provisions provide for exceptions to be taken by a party in writing, and, when presented, the judge must sign it, as presented, or refuse in writing; and, in case of refusal, the party has three clear days to secure it in other ways. There is no provision for the judge to change the bill of exceptions as offered to conform to his view of the facts. A material change might, and often would, amount to a refusal to sign what was offered; and that was true in this case, for the facts are so different as to induce a different result from a legal point of view. The bill, as presented, was signed October 16th, and the addenda was signed on the twenty-seventh. During this time, defendant could well understand that his bill of exceptions was settled as it was signed. The three clear days provided for settling it in the other ways are past, and then comes a change by the addenda, and the bill of exceptions is what he does not desire, and not what he offered to be signed or thinks he should have. For reasons that we need not consider, the legislature fixed the time for the examination of a bill of exceptions, to know

if it is correct, at one clear day. This provision is followed, in case of a refusal to sign, by a clear limitation as to time on the party to settle it in some other way. The statutory limitations upon parties, as to time for settling bills of exceptions, have been adhered to by this court; and, where such a limitation is expressed as to the judge, we see no reason why the same application of the law should not be made where he acts on his own motion, as in this case. We are of the opinion that the addenda to the bill of exceptions cannot be considered as a part of the record, and hence that the bill of exceptions, as signed on the sixteenth of October, must be regarded as showing the facts.

There may be some doubt, on the face of the bill of exceptions, whether the objection was handed to the judge in open court, or during a vacation of the court. This doubt arises from the use of the word "judge" in the bill of exceptions, instead of "court," because of the distinction sometimes made in the statutory use of these words. However, because of a concession in argument, we will construe the bill of exceptions as meaning that it was handed to the judge, at his chambers, outside of court, "just before court opened." The section of the Code as to permitting jurors to separate, where there is no objection, is 5382, and the authority therein granted is to the "court," and no reference is made to the "judge" in the section, and we are of the opinion that the objection should in some way be made to the court.

This brings us to the construction of the bill of exceptions to know if the objection was so made that the court erred in disregarding it. Taking the bill in connection with the admission or statement by appellant's counsel so that we may say that it was handed to the judge just before court opened, and we should inquire what is meant by the following language in the bill: "That the judge disregarded said objection and request, and, in the exercise of his discretion, permitted the jury to separate at each adjournment of the

court until they were finally charged by the court, on the 15th day of October, 1897, at 6 o'clock P. M., and at each adjournment the judge gave the usual admonitions to the jury." It is very clear that the word "judge," in the language quoted, means "court," for it could not be that the judge, not acting as the court, would be permitting the jury to separate, and giving them instructions at each adjournment. Treating what the judge did as meaning what the "court" did, and it appears that the court, in the exercise of its discretion, disregarded the objections and request, and permitted the separation. It thus appears that the court, as such, treated the objection as made to it, and permitted the separation because of its discretionary authority, notwithstanding the objection. There is really no mistake of these being the facts. If so, there was the same prejudice to the defendant as if the written objections had been handed to the court, read by it, and then, for the same reason, been disregarded. The objection was, finally, to the court, by its treatment of it. To avoid an inference that we approve such a method of invoking the action of the court, we are led to express our decided disapproval of it; and, were lesser rights involved than those of liberty, we might feel that a less liberal rule would meet the spirit and purpose of the law. While the proprieties of practice might require that the objection should have been made in the presence of the county attorney, we see nothing in the law that should make it invalid if not so done; nor do we think it must have been made in the presence of the jury. It is a matter as to which the jury had no concern, except to obey the orders of the court made in pursuance of it.

Other questions are argued, but we discover nothing that we need consider in view of a new trial, and, besides, they so involve a consideration of facts as to make it difficult to consider them without prejudice. The judgment is REVERSED.

WATERMAN, J. (dissenting).   The written request that
the jury be kept together was handed the judge privately, out
of court, and without the knowledge of counsel for the state.
Under these circumstances, I think the judge, when court
convened, had no right to secretly consider this paper as in
the case.   The majority opinion assumes that the court did
consider and act upon this request by overruling it, and this,
in face of the bill of exceptions, which states that the applica-
tion was disregarded.   So far as this matter is concerned, I
am clear the action of the trial court should be approved.